(No. 13261.—Judgment modified and affirmed.)

THE SLAGO COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANK KELLEY, Defendant in Error.)

*Opinion filed June 16, 1920.*

WORKMEN'S COMPENSATION—*when award cannot be made for partial incapacity and for permanent partial loss of use of member.* There may be an award for partial incapacity and also for permanent partial loss of use of a member where there are different injuries, but both awards are not authorized where there is no evidence to show that the partial incapacity is due to any other injury than the one for which the award is made for permanent partial loss of use of the member.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

DENISON & SPILLER, (R. H. DAVIS, of counsel,) for plaintiff in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error was injured while engaged in the occupation of mule driver in plaintiff in error's mine. The defendant in error, according to his testimony, was knocked

unconscious and his right eye, right shoulder and chest were hurt. There was a gash or cut over the left eye. His eye-sight was not injured. The cut over the eye left a bluish scar three-quarters of an inch long. The findings and the award of the arbitrator were affirmed by the Industrial Commission and were as follows: The sum of $12 a week for a period of 3 and 4/7 weeks for temporary total incapacity; the sum of $7.50 a week for a period of 8 and 3/7 weeks under paragraph (d) of section 8 of the Compensation act for partial incapacity; the sum of $12 per week for four weeks for disfigurement to the face; and the sum of $12 per week for a period of 50 weeks for a twenty-five per cent loss of the use of the right arm. The circuit court of Williamson county affirmed the award of the Industrial Commission on review, and the cause comes here on writ of error.

The only contention made by plaintiff in error is that the award is excessive, it being contended that the commission was not authorized, under paragraph (d) of section 8 of the Compensation act, to make an award for partial incapacity when a further award was given under paragraph (e) of said section for a specific loss of twenty-five per cent of the use of the right arm, and that therefore the award of $7.50 per week for a period of 8 and 3/7 weeks was unauthorized.

Paragraph (d) of section 8 of the act authorizes an award where the employee, by reason of injuries sustained, becomes partially incapacitated, in all cases except those covered by the specific schedule as set forth in paragraph (e) of said section. Clause 17 of paragraph (e) of said section authorizes an award for a permanent partial loss of use of a member of the body or the loss of sight of an eye, and plaintiff in error contends that an award of $7.50 per week for 8 and 3/7 weeks for partial incapacity amounts to double payment for said period, it being argued that the partial incapacity in this case, according to the evidence of the defendant in error, arose solely out of the injury to

his shoulder, and that the permanent partial loss of use of the right arm arose out of the same injury.

While an employee may recover for temporary partial incapacity for work and at the same time recover for permanent partial loss of use of a member where the partial incapacity arises out of injuries other than those received by the member for which the award for permanent partial loss of use is allowed, yet we are of the opinion that in this case the award was not authorized, for the reason that there is no evidence in the record which tends to show that the temporary partial loss of capacity for work was due to any other injury than the one for which compensation was allowed for permanent partial loss of use of the right arm. The record shows that the defendant in error received a cut over the eye, bruises on the chest and an injury to the right shoulder. He was allowed for temporary total disability. He was also allowed for disfigurement caused by the cut over his eye. There was no injury to the arm according to the testimony of the defendant in error, and it follows that the permanent partial loss of use of that member must have arisen by reason of the injury to the right shoulder, so that the temporary partial incapacity for work for which the commission awarded the sum of $7.50 a week for a period of 8 and 3/7 weeks must have arisen out of the same injury which caused the permanent partial loss of use of the right arm. There is nothing in the record from which any other conclusion can be drawn. This award therefore amounted to double compensation for a period of 8 and 3/7 weeks, which the law does not authorize.

The judgment of the circuit court will therefore be modified and the award corrected by striking out the allowance of $7.50 per week for the period of 8 and 3/7 weeks, and as modified the judgment will be affirmed.

*Judgment modified and affirmed.*