## TEXAS EMPLOYERS' INS. ASS'N v. MALEDON.

Motion No. 9049; No. 1282-5339.

Commission of Appeals of Texas, Section A.
May 7, 1930.

Harry P. Lawther and Wm. M. Cramer, both of Dallas, for plaintiff in error.

White & Yarborough, of Dallas, for defendant in error.

CRITZ, J.

In our original opinion we held that the defendant in error was entitled to recover for 19 weeks' total incapacity to his hand and 300 weeks' partial incapacity to the same hand. We have concluded that we were in error in that part of our original opinion which allowed 300 weeks' compensation for partial incapacity to the hand. We therefore withdraw our original opinion, and substitute the following opinion in lieu thereof:

We copy the following statement of the case from the opinion of the Court of Civil Appeals:

"This is a compensation suit. Appellant, G. W. Maledon, was a claimant before the Industrial Accident Board of Texas, and plaintiff in the trial court. Appellee, Texas Employers' Insurance Association, issued the employee's liability accident policy to appellant's employer, on which recovery was and is sought by appellant.

"Appellant was a night watchman for the Dixie Watch Company in Dallas county, Tex. While in the course of his employment he was attacked by two armed robbers, and in the fight that ensued appellant was shot in the hand and was beat over the head with pistols and left lying on the ground unconscious. In due time and proper form, appellant filed his claim for compensation before the Industrial Accident Board, and, from the award of that board, properly perfected his appeal to the district court of Dallas county, Tex.

"No question was raised concerning jurisdictional matters, the only question being the extent of appellant's injuries. The case was tried on special issues, and resulted in a verdict finding that appellant sustained total disability for a period of ten weeks from his injuries received on March 19, 1927, other than those to his hand; that he sustained 20 weeks' total loss of use of his hand; that he sustained permanent partial incapacity to the hand to the extent of 40 per cent. thereof. In response to other issues, the jury found that appellant was totally disabled from all causes for a period of 20 weeks. It was agreed that the compensation rate of appellant was and is the sum of $13.85 per week, and, further, that he was not entitled to compensation for the first week of disability, as the law, at the time of his injuries, did not allow compensation for that week.

"The question presented by this appeal is, Was the proper judgment rendered on said verdict? In other words, was the judgment rendered thereon by the trial court the one authorized and required to be rendered on the findings of the jury, under the terms of the Workmen's Compensation Statute? The trial court first rendered a judgment awarding appellant $13.85 per week for 9 weeks for his total disability; the further sum of $13.85 per week for 20 weeks for the total loss of use of his hand; and, following the 29 weeks' period, he was awarded $5.54 per week for a period of 131 weeks for the 40 per cent. permanent partial loss of the use of his hand.

"Appellee filed a motion to reform this judgment, which was sustained, and the judgment appealed from rendered, making the 10 weeks' total disability and the 20 weeks' total loss of the use of the hand to run concurrently, and the appellant awarded recovery for a period of 19 weeks at $13.85 per week, and for a period of 131 weeks at $5.54 per week. From this judgment appellant duly perfected his appeal. No statement of facts was filed. Ap-

pellant claims that the trial court rendered judgment for a smaller amount than found by the jury; that appellant was entitled to judgment for 29 weeks at $13.85 per week, and for the additional sum of $5.54 per week for 300 weeks."

An examination of the verdict of the jury which is contained in the transcript discloses the following findings:

(a) Defendant in error was totally disabled by reason of injuries other than the injury to his hand for a period of 10 weeks from March 19, 1927.

(b) He was totally disabled by reason of all of his injuries generally, including those to his hand, for a period of 20 weeks from said date.

(c) His hand was totally disabled for a period of 20 weeks from said date.

(d) He sustained permanent partial loss of the use of the hand to the extent of 40 per cent. thereof.

The Court of Civil Appeals on appeal by defendant in error reformed the judgment of the trial court, and entered judgment for defendant in error and against the insurance association for compensation in the sum of $13.85 per week for 29 weeks, and in the further sum of $5.54 per week for a period of 300 weeks. 11 S.W.(2d) 627. The case is now before the Supreme Court on writ of error granted on application of the insurance association.

As shown by the opinion of the Court of Civil Appeals, the only issue involved in this appeal is the amount of compensation which should be allowed the injured employee under the findings of the jury.

It is provided in the Workmen's Compensation Act, section 12, article 8306: "Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity."

Under the above-quoted provisions of section 12 of the Compensation Act with reference to a recovery for concurrent injuries resulting in concurrent incapacities, defendant in error can only recover for the injury which produced the longest period of total incapacity, which in this case, under the findings of the jury, would justify a recovery for only 19 weeks' total incapacity, instead of 29 weeks, as determined by the Court of Civil Appeals.

It is true the above provision is modified by the latter part of the same section of the statute, which provides: "But this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

We think, however, that the latter part of the section refers only to cases where the employee's disability results from more than one specific injury, and not to cases where the disability results from a general injury, and a specific injury. In such cases, that is, cases where the disability results from more than one specific injury, he is entitled to recover the compensation provided by statute for each specific injury. To illustrate, if an employee is totally disabled for 20 weeks by reason of the loss of one hand, and at the same time is also totally disabled for 10 weeks by the loss of one foot, he would be permitted recovery for the total disability for each of the members; this because each such injury would be specific.

However, in the instant case the total disability did not result from two specific injuries, or, to state it in another way, from two injuries to two specific members of his body, but resulted from an injury to one specific member of his body, his hand, which was concurrent part of the time with a general injury. Under this condition of the record, the recovery for total incapacity in the instant case is under that portion of section 12 of the statute first above quoted, and the judgment should have been entered for the injury producing the longest period of total incapacity only, which was 19 weeks, for total disability to the hand.

In addition to the total disability to the hand for a period of 20 weeks, defendant in error suffered permanent partial loss of the use of the same member to the extent of 40 per cent. thereof.

Our statute (article 8306, § 12) provides: "For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wages of such employee, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, to wit: * * *

"For the loss of a hand, sixty per cent. of the average weekly wage during one hundred and fifty weeks. * * *

"In all cases of permanent partial incapacity it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases."

In our opinion the compensation to be allowed the defendant in error is measured by the above statutory provisions. Lumbermen's Reciprocal Association v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982, 983, and Petroleum Casualty Co. v. Seale, 13 S.W.(2d) 364 (Tex. Com. App., opinion approved.)

In the Pollard Case, supra, the jury found that J. B. Pollard suffered 75 per cent. disability to his right hand, and 65 per cent. disability to his right arm, and that each of these disabilities were permanent. In passing on the above facts, and defining the amount of compensation allowed under the compensation act, Section B of the Commission, speaking through Judge Leddy, held: "Defendant in error, under the proof, sustained a permanent partial incapacity to a specific member of the body. The first paragraph of section 12 allows 60 per cent. of the average weekly wages of such employee, not less than $7 per week, nor exceeding $20 per week, for complete loss of the hand. Following this specific compensation for the loss of the use of a member, we think it was contemplated by the provision above quoted that, if a person lost the complete use of a member, it should be considered the same as if the member had been amputated, and further, that, if the person had a permanent partial incapacity to a member, he should receive the compensation provided in section 12 for the loss of the specific member proportioned to the percentage of incapacity which the loss sustained would bear to the total loss of the member."

Further applying the above-quoted statutes to the facts of the Pollard Case, in order to fix the compensation, Judge Leddy says: "The other finding, that the defendant in error suffered a 75 per cent. partial permanent incapacity to the hand, furnishes a basis for the awarding of a correct amount of compensation under the terms of the act. Inasmuch as the specific schedule for the loss of a hand provides for 60 per cent. of the average weekly wages for 150 weeks, and defendant in error having sustained a 75 per cent. partial permanent incapacity to the hand, he is entitled to 75 per cent. of 60 per cent. of his average weekly wages, or 45 per cent. of such wages, for the period of 150 weeks."

The opinion in Petroleum Casualty Co. v. Seale, supra, is expressly approved by the Supreme Court, and refers to and approves the holding in the Pollard Case.

In the case at bar the defendant in error, in addition to the total disability to his hand for 20 weeks, suffered a permanent partial incapacity to the same member to the extent of 40 per cent. thereof. Under the holdings in the Pollard and Seale Cases, supra, the amount to be awarded for this specific injury must be measured and defined by the portions of section 12 of article 8306, R. C. S., above quoted. The finding that the defendant suffered total disability to his hand for a period of 20 weeks would entitle him under the findings of the jury in this case to compensation for 19 weeks at 60 per cent. of his average weekly wage, which in this case is $13.85 for 19 weeks, instead of 29 weeks as determined by the Court of Civil Appeals.

The finding that the defendant in error suffered a 40 per cent. permanent partial loss of the use of the hand furnishes the basis for awarding the balance of the compensation due under the terms of section 12 of article 8306 above quoted. Inasmuch as the specific schedule for the loss of the hand provides compensation at the rate of 60 per cent. of the average weekly wages for 150 weeks, and the defendant having sustained 40 per cent. permanent partial incapacity to the hand, he is entitled to 40 per cent. of 60 per cent. for the balance of the compensation period after deducting the 19 weeks already allowed him for total incapacity to the same member or 24 per cent. of his average weekly wages for a period of 131 weeks.

In this case it is agreed that the compensation rate of the defendant is $13.85 for total disabilities. This is 60 per cent. of his weekly wage. It therefore follows that in this case the defendant is entitled to recover, in addition to the $13.85 for 19 weeks, 40 per cent. of $13.85 for 131 weeks for the partial permanent incapacity to his hand, or $5.54 per week.

It appears that this was the amount allowed by the trial court.

We therefore recommend that the motion for rehearing filed herein by the plaintiff in error be granted; that original judgment of this court be set aside, and that judgment be now rendered reversing the judgment of the Court of Civil Appeals, and affirming the judgment of the district court.

CURETON, C. J.

On rehearing. Judgment heretofore rendered is vacated, and judgment rendered reversing the judgment of the Court of Civil Appeals and affirming that of the district court.