**TEXAS INDEMNITY INS. CO. v. FRY et al.**
**No. 3642.**

Court of Civil Appeals of Texas. Amarillo.
July 1, 1931.

Rehearing Denied Sept. 9, 1931.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

L. B. Godwin, of Pampa, and Kimbrough & Boyce, of Amarillo, for appellees.

JACKSON, J.

The appellant, the Texas Indemnity Insurance Company, instituted this suit in the district court of Hutchinson county, Tex., against the appellees David J. Fry and his attorney, L. B. Godwin, to set aside a final decision of the Industrial Accident Board of this state awarding compensation for injuries sustained by David J. Fry while employed by the Prairie Oil & Gas Company, which carried compensation insurance for its employees with the appellant.

The appellees answered and alleged by way of cross-action that about January 16, 1929, David J. Fry, while in the employ of the Prairie Oil & Gas Company, which carried compensation insurance for its employees with appellant, was accidentally injured. That in the course of his employment, his thumb became fastened in the chain of a hoist and was severed from his hand. That the wound became infected, causing permanent and total loss of the use of his right hand, arm, and shoulder. That such infection was transmitted through his whole system, producing chronic nephritis, extreme nervousness, and traumatic rheumatism, all of which caused him to suffer permanent and total disability under the provisions of the Compensation Law.

Appellees alleged the annual, weekly, and daily wage of David J. Fry, the compensation he was entitled to recover, the employment of L. B. Godwin, as attorney, to represent him in the collection of his claim, and all the facts necessary to give the court jurisdiction. They admit the failure to file a claim for compensation with the Industrial Accident Board within the time required by law, but, as good cause for such failure, say that David J. Fry has a meritorious cause and that appellant recognized and admitted its liability to him and paid him compensation for a period of 29 consecutive weeks immediately following the injury. That from the date of his injury, until March 16th thereafter, he was confined to bed and unable during such time to file a claim. That appellant, through its agents and representatives, advised him that it was unnecessary to file a claim, urged him not to employ counsel, as the appellant would pay him full compensation for his injuries, on all

of which representations he depended and relied and for which reasons his claim was not filed within the time provided by law.

The appellant, in reply to appellees' cross-action, filed a general demurrer and a general denial.

In response to special issues submitted by the court in his main charge, the jury found, in effect, that appellee Fry sustained personal injuries on the 16th of January, 1929, in the course of his employment with the Prairie Oil & Gas Company; that such injuries resulted in totally incapacitating appellee Fry for a period of 100 weeks, but that such total incapacity was not permanent; that the injuries sustained by Fry did not result in partial incapacity; that his average weekly wage was $25.96; that good cause existed for the failure of Fry to file his claim for compensation within the time provided by law.

In response to special issues submitted by the court at the request of appellant, the jury found, in substance, that the loss by Fry of one-half of his right thumb was not the only permanent injury received by him; that he lost the total use of his right arm for a period of ten weeks, but that such loss was not permanent; that Fry sustained a permanent partial loss of the use of his right arm amounting to 80 per cent. of the usefulness thereof; that the loss by Fry of the use of his hand was not the only injury sustained by him.

On these findings the court rendered judgment that appellee Fry recover from the appellant the sum of $15.58 per week for a period of 110 weeks, less the sum of $15.58 per week for thirty weeks theretofore paid by appellant and accepted by appellee, together with 6 per cent. interest on the weekly payments from their due date until paid; that he also recover $12.46 per week for 190 weeks; that 33⅓ per cent. of the judgment be paid to appellee L. B. Godwin as attorney for appellee Fry, from which judgment this appeal is prosecuted.

The first assignment presents as error the action of the court in rendering judgment for appellee because the findings of the jury that the injury sustained by appellee Fry did not result in partial incapacity, and that he sustained a permanent partial incapacity to his right arm amounting to 80 per cent. of the usefulness thereof, are in such irreconcilable conflict that the court should have set the verdict aside and declared a mistrial.

The appellee alleges injury to a specific member, and also alleges that the injury to the specific member involved his whole body and his general health. The jury found that the injury to the specific member was not the only injury sustained by said appellee. The issues in response to which the jury found that the injuries resulted in total incapacity for 100 weeks, but that such total incapacity

was not permanent and that the injuries did not cause partial incapacity, were evidently understood by the court and jury to refer to the general injuries resulting from transmitting the infection of the specific member to the entire body and involving the general health of appellee.

The court defined "partial incapacity" to mean that a person's earning capacity had been reduced for a time but had not been reduced permanently. This definition restricts "partial incapacity" in its meaning to temporary disability and, if the disability was temporary, it could not be permanent. Appellant in its brief makes no complaint of this definition, and the jury could not consistently find under such definition that the injuries caused a "partial incapacity," because they found, and such finding is not questioned, that the injury to appellee Fry's arm had resulted in permanent partial incapacity to that member to the extent of 80 per cent. of its usefulness. We are of the opinion that these findings are not in irreconcilable conflict.

The appellant challenges as error the failure of the court to define for the jury "good cause," to which failure objection was made, for the reason that it is a legal term; but no definition of the term was tendered by appellant.

The Compensation Law does not define "good cause," notwithstanding article 8309 is devoted to definitions of words and phrases used in the law.

Section 4a, art. 8307, among other things, provides that: "For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

It has been held that all that is required of an injured party by this provision of the statute is that his claim for compensation be prosecuted by him with that degree of diligence that an ordinarily prudent man so situated would exercise. Consolidated Underwriters v. Seale et al. (Tex. Civ. App.) 237 S. W. 642; Security Union Ins. Co. v. Hall (Tex. Civ. App.) 37 S.W.(2d) 811.

In our opinion the failure of the court to define the term "good cause" does not constitute reversible error. Texas Indemnity Insurance Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921.

The appellant assails as error the action of the court in rendering judgment in favor of appellee Fry for $15.58 per week for 100 weeks of total disability and $15.58 per week for 10 weeks for the total loss of the use of his arm and for $12.46 per week for 190 weeks for permanent partial disability to the use of his arm.

The contention is that under the law the

appellee could not recover more than $15.-58 per week for 100 weeks, the period of total disability, and $12.46 per week for 100 weeks, the period of permanent partial disability.

The appellees concede that the judgment giving compensation for 10 weeks on account of the total incapacity to the loss of the use of the arm is erroneous, but contend that the judgment should be reformed allowing appellees to recover for 100 weeks total disability based on his general injuries and for 200 weeks for permanent partial incapacity for the loss of the use of his arm; and rely on the holding in Texas Employers' Insurance Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84.

The appellant asks that in the event the judgment is not reversed and the cause remanded, that the judgment be reformed so as to permit appellees to recover compensation for a period not exceeding 200 weeks.

In Texas Employers' Insurance Ass'n v. Maledon (Tex. Com. App.) 27 S.W.(2d) 151, 152, the jury made the following findings:

"(a) Defendant in error was totally disabled by reason of injuries other than the injury to his hand for a period of 10 weeks from March 19, 1927.

"(b) He was totally disabled by reason of all of his injuries generally, including those to his hand, for a period of 20 weeks from said date.

"(c) His hand was totally disabled for a period of 20 weeks from said date.

"(d) He sustained permanent partial loss of the use of the hand to the extent of 40 per cent. thereof."

The Commission of Appeals says: "The only issue involved in this appeal is the amount of compensation which should be allowed." After quoting certain provisions of section 12, art. 8306, relative to the recovery for concurrent injuries resulting in concurrent incapacities and that the section shall not affect liability for the concurrent loss of use of more than one member, the opinion continues: "We think, however, that the latter part of the section refers only to cases where the employee's disability results from more than one specific injury, and not to cases where the disability results from a general injury, and a specific injury. * * * In the instant case the total disability did not result from two specific injuries, or, to state it in another way, from two injuries to two specific members of his body, but resulted from an injury to one specific member of his body, his hand, which was concurrent part of the time with a general injury. Under this condition of the record, the recovery for total incapacity in the instant case * * * should have been entered for the injury producing the longest period of total incapacity only. * * * In addition to the total disability to the hand for a period of 20 weeks, defendant in error suffered permanent partial loss of the use of the same member to the extent of 40 per cent. thereof. * * * The finding that the defendant suffered total disability to his hand for a period of 20 weeks would entitle him under the findings of the jury * * * to compensation for 19 weeks. * * * The finding that the defendant in error suffered a 40 per cent. permanent partial loss of the use of the hand furnishes the basis for awarding the balance of the compensation due. * * * Inasmuch as the specific schedule for the loss of the hand provides compensation at the rate of 60 per cent. of the average weekly wages for 150 weeks, and the defendant having sustained 40 per cent. permanent partial incapacity to the hand, he is entitled to 40 per cent. of 60 per cent. for the balance of the compensation period after deducting the 19 weeks already allowed him for total incapacity to the same member or 24 per cent. of his average weekly wages for a period of 131 weeks."

The schedule in the statutes for specific injuries provides that, for the loss of an arm, compensation shall be paid for a period of 200 weeks. The appellee Fry having sustained, as the result of his injuries, total incapacity for a period of 100 weeks, is, under the ruling in Texas Employers' Insurance Ass'n v. Maledon, supra, entitled to a judgment for $15.58 per week for 100 weeks, the period of his total disability. He is also entitled to recover for permanent partial incapacity to the use of his arm $12.46 per week for 100 weeks, the period of his permanent partial incapacity to his arm. See, also, Lumbermen's Reciprocal Association v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982, and Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S. W.(2d) 364.

We shall not undertake to determine whether the law as announced in the last cases cited, supra, is in harmony with the holding of the Moreno Case, supra, or not. In our opinion the law is correctly announced in Texas Employers' Insurance Association v. Maledon, supra, and should control.

The judgment of the trial court is therefore reformed so as to permit appellees to recover at $15.58 per week for 100 weeks of total disability and $12.46 per week for 100 weeks of permanent partial disability; and the judgment of the trial court as so reformed is in all other respects affirmed.