GREAT AMERICAN INDEMNITY CO. v. STULTZ.

No. 1021.

Court of Civil Appeals of Texas. Eastland.

Nov. 18, 1932.

Rehearing Denied Jan. 6, 1933.

Turner, Rodgers & Winn, of Dallas, for appellant.

Clyde E. Thomas, of Big Spring, for appellee.

LESLIE, J.

This is a compensation suit, and the appeal is from a judgment of the district court awarding appellee Stultz (plaintiff below) a recovery based on 4 weeks' total loss of the vision in one eye, and 96 weeks' permanent, partial loss of vision therein, growing out of an injury to the right eye, sustained in the course of his employment by the Southern Ice & Utilities Company, which carried insurance with the Great American Indemnity Company, defendant below, and appellant here.

The correctness of the trial court's ruling in maintaining jurisdiction in the case is attacked by the appellant's first proposition to the effect that, under the Compensation Law, the claimant should have been confined in his pleading on the trial in the district court to the identical claim filed before the Industrial Accident Board. As an abstract proposition of law, this is correct. Texas Employers' Insurance Ass'n v. Newton (Tex. Com. App.) 25 S.W.(2d) 608, 609; Texas Employers' Insurance Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752.

The facts of this case do not call for an application of the rule. The claim before the board was based upon notice of a specifically described injury resulting in permanent loss of the "entire sight of right eye." The claimant on appeal filed his original petition in the district court, alleging that, by reason of the said injury, he had lost 60 per cent. of the vision or sight from the eye. The claim before the board and the cause of action presented in the district court in common related to the same party, the identical injury, and the same employer. The fact that the original petition in the district court and the following amendments in lieu thereof set out more in detail and with greater accuracy the true results of the injury would not condemn the suit in the district court as based upon an injury other than that presented in the claim to the board. This is true, although the petition in the district court may disclose that the results flowing from the injury are less serious and comprehensive than appear from the original notice to the board.

If an employee in the district court is not limited to the statement of the nature of his injury as presented to the board, but may enlarge thereon by alleging more specifically the effects produced by the injury, as has been held [Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363–370; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633; Texas Indemnity Ins. Co. v. White (Tex. Civ. App.) 37 S.W.(2d) 277], there appears to be no good reason why a claimant, in the light of subsequent developments, should not be allowed to base his claim for compensation on results less extensive than those believed by him to exist when the claim was filed with the board, or notice thereof given. The notice gave information of a compensable injury. That conferred jurisdiction on the board. The petition in the district court presented the identical injury. Nothing more was required. Texas Indemnity Ins. Co. v. White (Tex. Civ. App.) 37 S.W.(2d) 277; Texas Employers' Ins. Ass'n v. Moore (Tex. Civ. App.) 46 S.W.(2d) 404; Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363, 364; Texas Indemnity Ins. Co. v. Bridges (Tex. Civ. App.) 52 S.W. (2d) 1075; Choate v. Hartford Accident & Indemnity Co., 54 S.W.(2d) 901, by this court.

The first proposition is overruled.

Under other assignments, the appellant presents two propositions. The first is: "Claimant's petition alleging partial loss of vision to the eye, and not alleging incapacity to work resulting therefrom, is subject to general demurrer."

And the second: "An injury resulting in partial loss of vision from the eye is not compensable under the compensation laws of Texas unless the claimant is incapacitated to labor as a result thereof."

It is the appellee's theory that he is entitled to recover for a permanent, partial loss of the sight to his eye, even though he had no further injuries, no loss of time from labor, and suffered no diminished earning capacity. He makes no showing, by pleading or proof, of incapacity to labor as a result of the 60 per cent. impaired sight of the right eye, and claims compensation under the specific injury statute. Article 8306, R. S. 1925, § 12.

That statute reads:

"For the total and permanent loss of the sight of one eye, sixty per cent. of the average weekly wages during one hundred weeks.

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member."

No case precisely like the instant one is to be found in the reports, but in principle, we think, it is ruled by the opinion in Fidelity Union Casualty Company v. Munday, 44 S.W. (2d) 926, 928, by the Commission of Appeals. There compensation for temporary, total loss of the use of a hand, plus compensation for permanent, partial loss of the use of a hand, was permitted under provisions of section 12, art. 8306. In that case there was no aver-

ment of incapacity for work of any degree or duration as a result of the injuries to the hand, which were the only injuries alleged. In that case the contention was made, in effect, "that nowhere in the Workmen's Compensation Law is a temporary total loss of the use of a hand, or a permanent partial loss of the use of that member, made compensable, in the absence of an affirmative showing of the fact that incapacity for work, of some degree or duration, resulted therefrom." This contention was held to be "ill-founded" under the above statute. Referring to that statute, it is said in the opinion: "If the quoted provisions of the statute were not intended to apply to cases which involve a temporary, total loss of the use of a hand, and which involve no other injuries than to the hand, then it would necessarily follow that compensation for such a loss was intended to be governed by other provisions which occur elsewhere in the Compensation Law, and under which a greater compensation would be available, if the loss endured for more than 150 weeks, than would be available if the hand were severed."

Evidently the provisions of the Compensation Law referred to and "which occur elsewhere" are those provisions which would permit compensation at the rate of 60 per cent. of the average weekly wages for 300 weeks. Hence the deduction is there made that it was never contemplated that one employee who has sustained the total loss of the use of a hand for a longer period of time than 150 weeks, the loss not being permanent, should receive more compensation than another employee who permanently and totally loses the use of a hand.

By the same process of reasoning in the instant case, if appellee or claimant herein be denied a recovery under the above-quoted statute for the temporary, total loss of the sight of his eye, and the permanent, partial loss of the sight of the same, and is required to resort to the provisions of the statute "which occur elsewhere" for compensation for his injuries, then we shall have a situation in which one suffering these injuries will be permitted to derive greater compensation for merely impaired sight, or a temporary, total loss thereof, than he would obtain for the total, permanent loss of the sight, accompanied by the actual loss of the eye itself. It would be as unreasonable to hold that the Legislature intended such a result in a case where the eye or sight is involved as in the case of the hand, or any other member.

There is no express statutory authority leading to such a conclusion or result except that, by the course of reasoning employed in the Munday Case, a construction is given to the statute which leads to the conclusions herein, and which are believed to effect a desirable result.

In regard to said statute as relating to the loss of sight, it will be observed that one of the enumerated cases of "permanent, partial incapacity" to labor is "the total and permanent loss of the sight of one eye," which in turn means (for the practical purposes of sight) the loss of the function of the eye as an organ of sight, or simply the loss of the eye, a member of the body. The one is the equivalent of the other. The use of the word "member" carries no special significance designed to exclude "the permanent, total loss of the sight of one eye" from the operation of the statute pertaining to specific injuries which carry compensation per se. The statute embraces "temporary, total loss of the sight of an eye," and "permanent, partial loss of the sight of the eye," the same as "temporary, total loss of the use of the hand," or "permanent, partial loss of the use of the hand," or other such member. The reason for these conclusions are stated above and drawn from the opinion in the Munday Case and authorities therein.

If there is anything to the contrary in the case of Travelers' Ins. Co. v. Richmond (Tex. Com. App.) 291 S. W. 1085, we are of the opinion it has been overruled by the Munday Case, which expressly states that the commission, in conference with the Supreme Court, had been "authorized to declare all holdings to the contrary, in other cases, overruled." The controlling proposition under consideration here was undoubtedly in the mind of the court in making the above statement.

However, it was necessary that the judgment in the Richmond Case be reversed, simply because the judgment found no support in the testimony. In the trial court and in the Court of Civil Appeals (284 S. W. 698) it had been disposed of on the theory that it was a case of "total and permanent loss of the sight of an eye," whereas the commission regarded it as "one of a different character," and returned it for the ascertainment of "existence vel non of partial incapacity," etc. If the opinion means no more than here stated, it would probably not be out of line with the Munday Case.

The second and third propositions are overruled, and the reasons for so doing are material and support the overruling of the first proposition discussed.

Other assignments and propositions presented by the appellant become immaterial, but there are cross-assignments by the appellee, seeking a reformation of the judgment, and they will now be considered.

It appears that the trial court, in granting the plaintiff a judgment, proceeded upon the theory that the average weekly wage of the employee was $23.08 and allowed 60 per cent. thereof, or $13.85 for each of the first four weeks after the injury, the same being for temporary total loss of the sight of the eye,

and for the remainder of the 100 weeks, to wit, 96 weeks, the court awarded compensation upon the basis of permanent partial loss of the sight of the eye to the extent of 25 per cent. (percentage of impairment) thereof, or the sum of $3.46 for each of said remaining weeks. Evidently the court arrived at this last sum by taking 25 per cent. of the $13.85 as above indicated.

It is the appellee's contention in his cross-assignment that the undisputed evidence required the court to enter a judgment in his favor for 60 per cent. of the $13.85 per week; that is, $8.31 per week, or judgment upon the basis of 60 per cent. loss of sight.

We have carefully examined the testimony in this respect, and it is clear to this court that the appellee's contention that the evidence conclusively shows him to be entitled to compensation on the basis of 60 per cent. loss of sight is not warranted, and the judgment cannot be reformed and the larger sum awarded.

The appellant raises no question as to the sufficiency of the testimony to support the judgment in any respect, and the court is not called upon to consider that question.

Appellee's cross-assignments are overruled, and, for the reasons assigned, the judgment of the trial court is affirmed.