## TEXAS EMPLOYERS INS. ASS'N v. PIERSON.

### No. 5097.

Court of Civil Appeals of Texas. Amarillo.

Jan. 15, 1940.

552

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

L. B. Godwin and Wm. Q. Boyce, both of Amarillo, for appellee.

STOKES, Justice.

Appellee, Woodrow R. Pierson, an employee of American Smelting & Refining Company, which company carried compensation insurance with appellant Texas Employers Insurance Association, instituted this suit to recover compensation under the provisions of the Workmen's Compensation Law. Art. 8306 et seq., R.C.S.1925. The record shows that, while employed by the smelting company, on December 27, 1937, appellee received an injury to his left eye which resulted from the heated contents of what is termed a "retort" being blown into his face, and for which he filed his claim for compensation with the Industrial Accident Board. It is also shown by allegation and proof that on January 24, 1938, little less than a month after the injury to his eye, and while still working for the smelting company, he received a violent lick upon his chest occasioned by the slipping of his hands upon a tool being used by him known as a chisel with which he was attempting to release heated material from the inside of the retort, which seems to have been a vessel or vat being used in the smelting process. For this latter injury appellee also filed a claim with the Industrial Accident Board and on April 18, 1938, the Board rendered two separate awards in which appellee was denied any recovery for the alleged injury to his chest and permitted recovery for the injury to his eye on the basis of permanent partial incapacity of 50%, the award amounting to $9.66 per week for 300 weeks. Appellee, not being satisfied with these awards, instituted this suit and combined his claims for the two separate and distinct alleged injuries alleging a general, total and permanent incapacity arising from the injury to his eye and alleging that if his incapacity did not result from the injury to his eye, then it resulted from the injury to his chest or, if not from one or the other of them separately, then incapacity resulted from the two injuries combined.

The case was submitted to the jury upon the theory alleged by appellee and in response to the special issues submitted to them the jury found in substance that appellee sustained an injury to his eye on December 27, 1937, and that he was at the time an employee of the smelting company. They found also that he sustained a personal injury to his chest on January 24, 1938, and that he was at that time also working for the smelting company. They found these injuries did not result in his total incapacity. The question of partial incapacity was submitted under special issue No. 4, consisting of several subdivisions, which will later be set out and discussed. The jury found, in substance, that the partial incapacity was permanent to the extent of 50%. Under special issue No. 6 the jury found that causes, entirely disconnected and independent of the injuries, were not the sole cause of the incapacity. Under special issue No. 7 they found that the injury to appellee's eye on December 27, 1937, resulted in the loss of the sight of appellee's eye to the extent of 60% and that it was permanent. Under special issue No. 8 they found that causes disconnected from and independent of the injury to the eye were not the sole cause of the loss of vision and under special issue No. 9 they found, in effect, that appellee suffered incapacity other than the loss of vision in his left eye, as the result of some of the injuries alleged to have been received by him and that he was at the time of the trial suffering incapacity other than impairment of vision in his left eye as the result of some of such injuries.

Based upon the verdict of the jury the court rendered judgment in favor of appellee against appellant in the sum of $2,595, being compensation of 50% of 60% of the average weekly wages of appellee for 300 consecutive weeks from the 1st day of February, 1938, the date upon which the jury found the incapacity began, $371.95 of which having matured, execution was awarded for that amount and the balance to be paid in weekly installments of $8.65 each, beginning December 6, 1938, and continuing for 257 consecutive weeks.

Appellant filed a motion for a new trial which was amended and presented to the court on the 15th of December, 1938, and overruled. Appellant duly excepted, gave notice of appeal, and presents the case in this court for review upon appropriate assignments of error and propositions of law.

It is contended under the first three propositions that the court committed reversible error by submitting the case to the jury under the several subdivisions of special issue No. 4 in which he combined the injury of December 27, 1937, which was the injury to appellee's left eye and therefore

specific in its nature, with the inquiry concerning the alleged injury of January 24, 1938, being the injury to appellee's chest and, therefore, of a general nature.

Special issue No. 4 was subdivided into separate questions propounded to the jury, the material questions and the jury's answers thereto being as follows:

"(a) Do you find from a preponderance of the evidence that the injuries, if any, or one of the injuries, if any, resulted in partial incapacity?" Answer: "Yes".

"(b) Do you find from a preponderance of the evidence that the injuries, if any, or one of them, if any, will in the future, result in partial incapacity?" Answer "Yes".

"(c) What do you find from the preponderance of the evidence to be the time of beginning, if any, of the partial incapacity, if any?" Answer: "February 1, 1938."

"(d) Do you find from a preponderance of the evidence that such partial incapacity, if any, is permanent?" Answer: "Yes".

"(f) What do you find from a preponderance of the evidence to be the percentage, if any, of the partial incapacity, if any?" Answer: "50%".

Under special issue No. 7, as we have stated, the jury found that the injuries sustained on December 27, 1937, resulted in some loss of sight to appellee's left eye and that the extent of such loss was 60%, which was permanent.

From the foregoing analysis of the applicable portion of the jury's verdict, it will be seen that under the forms of the questions submitted to the jury, the substance of their finding was that appellee received the two injuries as alleged by him, one occurring almost a month prior to the other, and that the two injuries were distinct and separate injuries resulting from separate and distinct causes. It will be noted also that one of the injuries, that to his eye, was specific in its nature, and the other, that to his chest, was general in its nature. The question here presented, therefore, is whether or not it is permissible under our practice to submit two injuries, one specific and the other general, as a unit in a joint incapacity and permit a single recovery thereon.

Sec. 12 of Art. 8306 provides that where an employee sustains concurrent injuries which result in concurrent incapacities he shall receive compensation only for the injury which produces the longest period of incapacity. It is provided in that section, however, that it shall not affect liability for concurrent loss or impairment of more than one specific member of the body for which compensation is provided in the schedule and that compensation for such specific injuries shall be cumulative as to time and not concurrent. If the injuries shown by the record in this case had been concurrent and had resulted in concurrent incapacities, they still would not have been controlled by that provision of the statute because, obviously, the statutory provision does not refer to a specific injury and a general injury although they may have been concurrent. Texas Employers' Insurance Ass'n v. Maledon, Tex.Com.App., 27 S.W. 2d 151.

Under the provisions of Sec. 12, the injuries, as well as the incapacities, must be concurrent. The common acceptation of the word "concurrent" requires the construction of that word as used in the statute to mean that the injuries were in conjunction with each other; that they were joint and simultaneous. Under the finding of the jury the incapacity, although a portion of it may have been caused by one of the injuries and a portion caused by the other, was concurrent and began on February 1, 1938, but the statute provides that the injuries, as well as the incapacities, must be concurrent and, since one of appellee's injuries occurred almost a month prior to the subsequent injury, it cannot be said they were concurrent injuries. They are, therefore, not controlled by Sec. 12 of Art. 8306, and cannot be decreed to be cumulative as to time as provided by that section.

It is suggested by appellant in its brief that the case is controlled by Sec. 12c of the article mentioned. That section provides that if an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury. In our opinion the case as made by appellee and shown by the record is not governed by the provisions of this section. It is true that, according to the record, appellee suffered a previous injury and he also suffered a subsequent injury, but the record does not show, and it is not contended, that the two injuries contributed to the incapacity alleg-

ed by appellee. In order to bring the case under the provisions of Sec. 12c it must be shown that the employee suffered a previous injury and also a subsequent injury and that the two injuries resulted in a condition of incapacity to which both of them contributed. Where such a case is made, the plain provisions of the statute are to the effect that the association shall be liable only for the compensation to which the subsequent injury would have entitled him had there been no previous injury. The case, therefore, cannot be adjudicated under the provisions of either Sec. 12 or Sec. 12c of Art. 8306, as suggested by appellant, and we are not warranted in holding that it should have been submitted to the jury under either of them.

In the schedule enunciated by Sec. 12 of the article mentioned it is provided that the employee shall receive, in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere provided, for the total and permanent loss of the sight of one eye, 60% of the average weekly wages during 100 weeks. It is true the record in this case shows that appellee did not lose the total and permanent sight of his eye but only 60% thereof. It is the rule in such cases that where it is shown the injury was to a specific member of the body and that it is partial and permanent and the percentage of incapacity is shown, the injured employee is entitled to receive a sum equal to the percentage so found, multiplied by 60% of his average weekly wages for the period provided by the statute. Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364. Under the provisions of the statute and the holdings of our courts, the injured employee is entitled to recover for the loss of the sight of his eye regardless of whether or not such loss contributes to his incapacity to perform labor. Fidelity Union Casualty Co. v. Munday et al., Tex.Com. App., 44 S.W.2d 926; Great American Indemnity Co. v. Stultz, Tex.Civ.App., 56 S. W.2d 200. The only provision of the statute which in any way modifies this absolute right of recovery is the provision of Sec. 12 which we have already discussed and which makes provision for cumulative recoveries in cases of concurrent injuries to specific members of the body. This case not coming under this provision of Sec. 12 and the injury to appellee's eye not being concurrent with the injury to his chest as provided in Sec. 12c, the court should have

submitted to the jury the question of the alleged injury to appellee's eye on December 27, 1937, under such separate issues as may have been necessary to ascertain the fact of the injury and the percentage and duration thereof. This question of the injury to the specific member of the body, the eye, should have been submitted separately and distinctly and, if the findings of the jury warranted recovery thereunder, appellee should have been awarded such compensation for the injury to his eye as is provided by the statute, that is, if the injury did not result in total loss, then such percentage of loss as is provided by the statute.

The alleged injury to appellee's chest which resulted from the slipping of his hands on the chisel, and which occurred January 24, 1938, was a general injury. It did not result in the loss, destruction or impairment of any specific member of the body as provided in Sec. 12 of Art. 8306. For such an injury the statute makes provision for compensation which is entirely separate and distinct from those provided for specific injuries. As we have shown, this injury occurred subsequently to the specific injury to appellee's eye. It is true that only a month elapsed between the two injuries but in the absence of specific statutory provisions covering such a situation, there can be no difference between a situation thus presented and that which would be presented if the injury had occurred many months or even years later. The first injury did not totally incapacitate appellee to perform labor. The record shows he continued to labor until several days after the second injury. He was, therefore, still an employee of the smelting company, and covered by the policy of compensation insurance issued by appellant the same as he would have been if he had not received the injury to his eye. In this state of affairs, he received the subsequent injury and it being general in its nature and one which appellee alleged resulted in his incapacity to labor, it should have been submitted separately and under special issues separate and distinct from those special issues which concerned the injury to appellee's eye. If under the findings of the jury appellee received the chest injury and it resulted in some degree of incapacity to perform labor, he was entitled to recover as provided by the statute for such general injury in the proportion in which the same incapacitated him to perform labor. Slago

Coal Co. v. Industrial Commission et al., 293 Ill. 271, 127 N.E. 751.

Instead of submitting the two injuries and their effect in separate and distinct special issues, the court submitted the questions of the result and effect of the two injuries combined. He joined them together as the source of a general single incapacity and the jury having found that, as a result of one or the other, or a combination of both of the injuries, appellee suffered an incapacity to perform labor to the extent of 50%, judgment was entered accordingly. The error in this method of submission consists in the fact that no method is provided for the jury to determine what part, if any, the general injury of January 24, 1938, played, nor is any basis made for determining what part, if any, the specific injury to appellee's eye played in producing the incapacity which forms the basis of the judgment.

The Workmen's Compensation Act was designed to provide compensation for employees who are injured in the course of their employment by subscribing members to the act. Where specific provisions are made by the statute for recovery under enumerated conditions, the compensation must be awarded under those provisions to the exclusion of the general provisions of the law. Where, however, the injuries received by the employee are such as not to be the subject of specific provisions of the statute, such as the schedule provided in Sec. 12 and the special condition provided for in Sec. 12c, recovery must be had under the general provisions of the law. This case reveals an injury covered by a specific provision of the statute, that is, an injury to appellee's eye, the compensation for the total loss of which is 60% of his average weekly wages during 100 weeks. The other is a general injury and comes under other provisions of the act. There is no provision of the law under which such injuries as those which appellee alleges he received may be combined in the manner in which the court sought to combine them in this case and in attempting to do so the court, in our opinion, committed error for which the judgment will have to be reversed.

Appellee suggests in his brief that appellant should not be heard to complain of the manner in which the case was submitted to the jury because the method adopted by the court in doing so was more favorable to appellant than the method contended for by it would have been. If judgment had been rendered against appellee in the trial court and he had brought the case to this court under the same contentions here made by appellant, there is no doubt they would have been sustained and it may be that the method adopted by the court in submitting the case to the jury was, in its result, more favorable to appellant than the correct method would have been. That, however, is a matter of no consequence. It is by no means certain that judgment for a greater amount would have been rendered against appellant under a proper submission. However that may be, and whatever may have been the result of a correct submission of the case to the jury, appellant had the right to have the case submitted according to the law and, the case not having been so submitted, it has the right to complain.

Appellant complains of the action of the court in overruling its special exceptions to some of the special issues submitted to the jury, contending that they were too general and allowed the jury to consider, and return a verdict against it for injuries that were alleged by appellee but which were not supported by evidence. One of these special issues was as follows: "Do you find from a preponderance of the evidence that Woodrow R. Pierson sustained personal injury on the 24th of January, 1938?"

Appellee alleged that, as a result of his hand slipping on the chisel, he fell forward, violently striking the right side of his chest against the metal end of the chisel and as a result thereof, the fibres of his lungs were torn, the muscles, ligaments, tendons, nerves and blood vessels of the right side of his chest or diaphragm were strained, stretched and torn, and the ribs fractured, dislocated and deranged. A number of these allegations were not supported by the testimony. In order that an accurate verdict may be obtained, it is the rule that the issues submitted to the jury should embrace only the case as made by the pleadings and the evidence. A matter pleaded, but not having support in the evidence, passes out of the case and the jury should be confined in their deliberations to those matters only that have support in the proof. The nature of the injury described in the testimony should be incorporated in the issue in at least a general way so that the jury may not become confused as to the specific

matter which constitutes the basis of their proper deliberations and incorporate in their verdict a recovery for an item of injury or damage eloquently pleaded, perhaps, but having no foundation in the testimony.

In our opinion, some of these assignments contain merit and, in view of another trial, we suggest that the issues be so framed as to conform more closely to these rules of submission. Security Mut. Casualty Co. v. Bolton et al., Tex.Civ.App., 84 S.W.2d 552; Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S.W.2d 291; Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972; Texas Employers Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863.

The judgment is reversed and the cause remanded.