Robert L. **FREDERICK**, Appellant,

v.

The **TRAVELERS INSURANCE COMPANY**, Appellee.

No. 6934.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 22, 1968.

Rehearing Denied March 13, 1968.

Richard W. Fairchild, Vernis Fulmer, Nacogdoches, Adams & Browne, Beaumont, for appellant.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellee.

PARKER, Justice.

This is a workmen's compensation case. Robert L. Frederick sued The Travelers Insurance Company for the benefits provided by the Workmen's Compensation Law of Texas for permanent total incapacity to labor, or, in the alternative, for benefits provided by such law for loss of vision of the left eye, resulting from an injury to his left eye sustained in the course of his employment for Texaco, Inc., on or about September 21, 1962, in Jefferson County, Texas.

Upon a jury verdict, the trial court rendered judgment that the plaintiff take nothing and that the defendant recover all costs. The parties will be designated as in the trial court.

The jury found that plaintiff sustained an injury to his left eye on September 21, 1962. In answer to Special Issue No. 4, the jury found the injury to plaintiff's left eye was not a producing cause of any loss of vision in plaintiff's left eye. No party to the suit requested an explanatory instruction or definition of the phrase "loss of vision." No party objected to Special Issue No. 4 as submitted without any qualifying instruction or definition. Plaintiff contends there is error in overruling his motion for new trial because the answer of the jury to Special Issue No. 4 is contrary to the undisputed evidence, also contending there is insufficient evidence

to support the answer of the jury thereto. Plaintiff also contends the trial court erred in decreeing that the plaintiff take nothing because the undisputed evidence establishes as a matter of law that plaintiff sustained compensable loss of vision in his left eye as a result of the injury to such eye, also contending that there is insufficient evidence to support such judgment for the same reason. Plaintiff in no manner complained of the court's charge to the jury, objected to any issue as submitted, requested no instructions to the jury, and requested no special issues which were refused by the court.

Plaintiff argues that since he was unable to work for certain periods of time when his eye injury was treated and after scar tissue was removed that his points of error should be sustained. We do not agree.

Special Issues Nos. 9 through 21, both inclusive, were issues submitted to the jury in connection with allegations of permanent total incapacity to labor. Plaintiff contended that the injury to the eye had extended to and affected plaintiff's head and so on. To all of these issues on total incapacity to labor, the jury found against the plaintiff. The first eight issues were submitted to the jury upon the loss of vision to the left eye. The jury found the effects of the injury were confined solely to plaintiff's left eye. The injury to the plaintiff's left eye did not produce a functional loss of vision in the left eye as an organ of sight. After the accident, plaintiff retained normal, usual vision in his left eye. This was the testimony of Dr. Charles Walden Folsom and of Dr. Frank Keith. A foreign substance hit the eye of plaintiff in the white of the eye, not in the cornea. He was treated for this by Dr. Frank Keith. On October 15, 1962, Dr. Keith found plaintiff's vision was 20-20 in each eye, that muscle balance was normal, that he had the use of both eyes normally and that glasses were not recommended. When the eye was injured, it was treated routinely, with plaintiff going to the hospital where he stayed three days.

Scar tissue built up from the white of the eye. Before it affected the cornea, the scar tissue was removed. Plaintiff lost time from work from this operation, but, thereafter, on February 5, plaintiff's eye was 20–20 and clear. On March 11, the vision was 20–20. On April 2, the doctor examined plaintiff and found no complaints, no reoccurrence of difficulties, and that his vision was 20–20.

■ Loss of time from work is not a loss of vision within the meaning of the Workmen's Compensation Statute, Article 8306, Section 12, which provides:

> For the injuries enumerated in the following schedule the employee shall receive *in lieu of all other compensation* except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent (60%) of the average weekly wages of such employee, but not less than Nine Dollars ($9) per week nor exceeding Thirty-Five Dollars ($35) per week, for the respective periods stated herein, to wit:
>
> > For the total and permanent loss of the sight of one (1) eye, sixty per cent (60%) of the average weekly wages during one hundred (100) weeks.

(Emphasis ours)

Article 8306, Section 6, would authorize recovery by plaintiff by reason of a general injury, which was the cause of the employee being unable to work. The jury rejected general injury and plaintiff does not contend the jury's findings thereon are erroneous. If plaintiff had lost his eye, he would have been entitled to compensation for the loss of the eye, even though he did not lose five minutes from work.

Considering the evidence most favorable to the finding of the jury in answer to Special Issue No. 4, plaintiff's no evidence points are overruled. Considering all of the evidence and the entire record in passing upon the insufficient evidence points of plaintiff, such points of error

are overruled. Great American Indemnity Co. v. Stultz, 56 S.W.2d 200 (1932, Tex. Civ.App., error ref.); Aetna Casualty & Surety Co. v. Davis, 196 S.W.2d 35 (1946, Tex.Civ.App., no writ his.); Travelers Insurance Co. v. Richmond, 291 S.W. 1085 (1927, Tex.Com.App., approved by Sup. Ct.).

All points of error of plaintiff are overruled. Judgment of the trial court is affirmed.