## AMERICAN GENERAL INS. CO. v. BEARE.
### No. 12132.

Court of Civil Appeals of Texas. Galveston.

Dec. 15, 1949.

Rehearing Denied Jan. 5, 1950.

Vinson, Elkins, Weems & Francis, B. Jeff Crane, Jr., Thos. B. Weatherly and Richard Neill, all of Houston, for appellant.

Levert J. Able, James V. Allred and Jack K. Ayer, all of Houston, Donald & Donald of Bowie on original brief, Helm & Jones and W. J. Kronzer, Jr., both of Houston, additional attorneys on rehearing, for appellee.

CODY, Justice.

This is a workmen's compensation case.

The plaintiff, the injured workman, properly alleged an accidental injury under the Workmen's Compensation law, Vernon's Ann.Civ.St. art. 8306 et seq. The injury which he alleged, occurred on July 9, 1945, was an injury to his index finger of his right hand, and he further alleged that infection by reason of blood poisoning thereafter set up, which affected his entire nervous system, causing him to become totally and permanently disabled. Plaintiff

then, alternatively, pled for "a proper determination as to what compensation he is entitled to receive under the Workmen's Compensation Laws of the State of Texas."

The defendant, the carrier of the compensation insurance, defended on the ground that plaintiff did not have any infection, and that his injury was confined solely to the index finger of the right hand, and affirmatively pled that any loss of the use of his right hand was due solely to the loss of the use of his said index finger.

The special issues, as answered by the jury, which control the judgment which should be rendered thereon are, in substance, as follows:

1. That plaintiff did not suffer an infection from the injury to his index finger.

16-21. That plaintiff's injury resulted in the total loss of the use of the index finger on his right hand, and his disability is not confined solely to the loss of said finger.

22. That the injury to plaintiff's index finger did extend to and affect the hand. (23) That said injury did result in some loss of the use of the right hand. (24) That plaintiff's disability is confined solely to the loss of the use of the right hand. (25) That the loss is partial. (26) That the percentage of incapacity thereto is 40%. (27) That same is permanent.

Special issue No. 33 was submitted to be answered by the jury if special issue No. 23 had been answered in the affirmative, and asked:

"Do you find from a preponderance of the evidence that the loss of the use of the hand resulted solely from the loss of the use of the index finger". Which the jury answered, "We do".

Defendant filed a motion that judgment be rendered for plaintiff "in accordance with the jury's answers supported by the evidence". The plaintiff also filed a motion for judgment on the verdict, and, in the alternative, for a mistrial if the special issues as answered were not construed to entitle plaintiff to an award for 40% permanent loss of the use of the right hand. The following excerpt from the court's order on said motion shows the court's construction of said motions, and his action therein:

"The court having considered the motion of the plaintiff for 40% of the permanent loss of the use of the right hand, and having considered the motion for judgment urged by defendant that judgment be rendered for plaintiff for the loss of a portion of the index finger on the right hand or, at most, the loss of the use of the index finger of the right hand * * * is of the opinion that the motion of the plaintiff should be sustained * * *", and accordingly rendered judgment for plaintiff for 40% permanent loss of his right hand.

Neither the plaintiff nor defendant filed a motion for new trial, and plaintiff, as will hereafter appear, urges that defendant's points cannot be considered upon appeal because the trial was to a jury, and defendant filed no motion for a new trial.

Defendant predicates its appeal upon six points, which boil down to this contention: That in conformity with the pleadings, the nature of the case proved, and the jury's verdict, the court should have rendered judgment for plaintiff for permanent loss of the use of the index finger on the right hand, and that on appeal this judgment should be so modified.

It is well settled that where a workman sues for benefits under the Texas Workmen's Compensation Laws, such as for permanent partial incapacity to a specific member of the body, and where same is not complicated by another injury "he cannot extend his recovery by alleging that by reason of such injury he is incapacitated from performing manual labor." Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364, 366, (the holding therein being approved by the Supreme Court). However, if the workman pleads that the injury also affects other portions of the body and has caused total permanent incapacity, compensation is recoverable and may exceed the amounts

provided for injury to specific members of the body as provided for in Section 12, art. 8306. Id.; Consolidated Underwriters v. Langly, 141 Tex. 78, 127 S.W.2d 463; Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312.

Here plaintiff sued primarily to recover total permanent disability alleging that as a result of the injury to his index finger "and the infection ensuing, his entire physical structure has been so affected as to render him totally and permanently disabled." Under the answer of the jury to the first special issue, and plaintiff makes no complaint that the evidence was insufficient to support their answer thereto, any issue of general disability of his entire body went out of the case. And plaintiff became confined to benefits for disability in connection with specific members, which resulted from the injury.

By his alternative plea, plaintiff "asks for a proper determination as to what compensation he is to receive under the Workmen's Compensation Laws of Texas". In his alternative plea, plaintiff does not specify any injury to any specific member of the body, except as said plea is to be taken as incorporating the allegations of his primary action. In his primary action plaintiff alleges that his hand was caught while he was fitting deck plates to a ship between a plate and an angle support underneath, but specifies that such catching was so that the bones, nerves, muscles and tissues of his right index finger were injured, and that infection resulted that affected other parts of his body. Among the parts of his body so affected by the injury and ensuing infection, plaintiff includes his finger which is caused to throb at night so that he cannot sleep, and so that his finger and hand are still sore and tender "and every time he attempts to use his hand, his finger comes into contact with something and as a result unbearable pain ensues; * * *".

In the absence of special exceptions we think that the pleading is sufficient to support special issues as to an incapacitating injury to plaintiff's finger and hand. In any case we do not understand that defendant makes any contention that the pleadings before the court, inclusive of its own, were not sufficient to support the special pleadings which were submitted to the jury. Indeed, defendant's pleadings alone were sufficient to authorize the submission of the special issues with respect to the finger and hand. There appears to be no evidence that any part of the hand, as distinguished from the index finger, was mashed, that is, directly injured. But there was ample evidence to support the jury's finding that the injury to the finger extended to or affected the hand. Special Issue No. 22, and the answer thereto read: "Do you find from a preponderance of the evidence that the injury to plaintiff's index finger, if you have so found did not extend to or affect any portion of the hand? Answer 'It did not extend to or affect the hand', or 'It did extend to and affect the hand.'" The jury answered: "It did extend to and affect the hand." There could not be a clearer cut finding by a jury to the effect that the injury to the finger did extend to and affect the hand. Nor, can the finding have read into it, that the jury meant that infection, as distinguished from the injury to the finger, affected the hand.

However, we are constrained to hold that the jury's finding to special issue No. 33 must have the effect of limiting plaintiff's recovery to benefits for the loss of the use of the finger. Here, applying the reasoning used by the court in Petroleum Casualty Co. v. Seale, supra, had plaintiff's finger been injured so severely as to require amputation, he would at most be entitled to recover for the loss of the use of the finger, unless there was some injury to the hand in addition to that necessarily incident upon the loss of the forefinger. Here the jury found that the loss of the use of the hand resulted solely from the loss of the use of the finger.

Defendant states, and plaintiff does not deny, that the applicable compensation at the time of the injury for the loss of the use of the finger here involved, is the sum of $20 per week for forty-five weeks, where

the plaintiff is entitled to the maximum compensation of $20 per week. The court accordingly should have rendered judgment for said sum, less $50 heretofore paid plaintiff, together with interest thereon at the legal rate from the dates same should have been paid. The judgment of the trial court will be here reversed, and modified to so provide.

When its original or appellate jurisdiction is properly invoked, the court of civil appeals has the jurisdiction to enforce compliance with rule 301, Texas Rules of Civil Procedure, which in part reads: "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict * * *." No doubt if a party, who sought the enforcement of rule 301, should deliberately conceal his right to such an enforcement from the trial court, or one who should, through want of proper diligence, fail to urge his right upon the trial court, he would be held to have waived such right or be estopped to urge same in a higher court. But here the court's order on defendant's motion for judgment shows that defendant apprised the court of its position, and of its claim of right to judgment on the verdict. Rules 324 and 374 do not here apply to the contrary. Indeed, in its last paragraph, rule 324 expressly provides "An assignment in a motion for new trial shall not be a necessary prerequisite to the right to complain on appeal of the action of the court in * * * overruling a motion for judgment for appellant on the verdict." It would be a futile thing to again present to the trial court the motion for judgment on the verdict, in the motion for new trial. Whether a party is entitled to judgment on the verdict is a question of law, and a trial court would doubtless remind an attorney, who sought to present the motion for judgment on the verdict in the motion for new trial, that he had already denied the motion and would not hear same further.

The judgment is reversed, and rendered as modified above.