Nina B. DILLARD et vir., Appellants,

v.

TRADERS & GENERAL INSURANCE COMPANY, Appellee.

No. 15542.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 1, 1954.

Rehearing Denied Oct. 29, 1954.

Peery, Wilson & Spell, Kearby Peery, Wichita Falls, for appellants.

Jones, Parish & Fillmore, Clyde Fillmore, Wichita Falls, for appellee.

MASSEY, Chief Justice.

On September 10, 1954, we entered judgment affirming the judgment of the

trial court. After further study of the case on motion for rehearing, we have come to the conclusion that we were in error in so doing. The former opinion is hereby withdrawn and the following substituted therefor.

Nina B. Dillard, joined by her husband, brought suit against the Traders & General Insurance Company under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for compensation benefits because of the "loss of use" of her arm, and in the alternative for "loss of use" of her hand.

It appears that she received injuries of a "smashing" character to her right hand and to the ring and little fingers of her right hand. By her pleadings she does not merely seek to obtain specific compensation benefits for "loss of use" of the ring and little fingers of her hand and the adjacent metacarpals, but under allegation that the injuries she sustained to her hand resulted in the permanent total "loss of use" of the hand, along with further allegation that such injuries extended to and affected her arm in such manner that she has suffered a permanent total "loss of use" of the arm, she prays for 200 weeks of compensation for the more extensive loss claimed, and in the alternative for 150 weeks of compensation in the event she is unable to prevail in her contention that the injuries extended to and affected her arm.

In the submission of special issues to the jury there was no question posed as to whether the plaintiff sustained any injury to her ring and little fingers and adjacent metacarpal bones, and neither was there any question submitted as to whether she sustained any loss, or loss of use, of the fingers and metacarpal bones.

The issues and the material findings of the jury relating to plaintiff's injuries and disabilities were as here recited according to the number given each of such issues in the charge given the jury:

2. Plaintiff sustained an injury to her hand, other than and in addition to the in-jury, if any, to her ring and little fingers and metacarpal bones adjacent and attached thereto.

5. Plaintiff sustained some total loss of use of her right hand following the experiencing of the injury to her hand.

6. The injury plaintiff sustained to her hand was a producing cause of the total loss of use of such hand which followed such injury.

8. The total loss of use of such hand, which followed such injury, has been and will be permanent in character.

15. The injury to the plaintiff's hand extended to and affected the plaintiff's right arm at or above the elbow.

16. The injury to plaintiff's hand naturally resulted in the total loss of the use of her right arm for a period.

18. The total loss of use of such arm, which naturally so resulted, has been and will be permanent in character.

26. The loss of use of plaintiff's hand resulted solely from the loss of use of plaintiff's little finger and ring finger and metacarpal bones.

29. The loss of use of plaintiff's arm resulted solely from the loss of use of plaintiff's little finger and ring finger and metacarpal bones.

It should be noted that the findings quoted from the special issues submitted were defendant's issues in No. 26 and No. 29, but the others were the plaintiff's issues. It should also be noted that the charge contained no definition of the term "producing cause".

Special issues 26 and 29 were not objected to by the plaintiff, or, if they were, such objections were not brought forward as part of the record. Neither did the appellant move the court to disregard the jury's answers to these issues as unsupported by evidence, under the provisions of Texas Rules of Civil Procedure, rule 301.

Both the plaintiff and the defendant insurance company filed motions for judg-

ment based upon the verdict of the jury. The court entered judgment based upon the motion filed by the defendant. Though there were no findings which supported its entry, the judgment entered obviously considered that it was established that the plaintiff had sustained a total loss or loss of use of the ring finger and little finger and adjacent metacarpals, since it awarded her fifty-six weeks of compensation. This number of weeks of compensation would fit the provisions of the Workmen's Compensation Act for such loss or loss of use. By the judgment the plaintiff was denied any recovery based upon either arm or hand loss or disability. In effect, judgment for the defendant was entered in so far as concerned the theory of recovery upon which plaintiff tried her case.

From this judgment, so entered, the plaintiff perfected the appeal, and as appellant seeks to have the judgment reformed and as reformed rendered in her behalf for the loss of use of her arm, or alternatively for the loss of use of her hand. From the prayer of the appellant, in her brief, it is apparent that she believes that she is entitled to have the judgment reversed and rendered in her behalf. Upon motion for rehearing, however, she seeks a remand of the cause for another trial, pointing out the conflict in the jury findings and that fundamental error requiring such action on our part is apparent from the record.

The submission of special issues on the plaintiff's case in answer to which she hoped to establish that the disability existent in her hand was produced by the injuries she sustained to it directly (other than the injuries to her ring and little fingers and metacarpals) does not necessarily exclude the possibility that the same jury might find in response to the defendant Insurance Company's issues that the disability in the hand resulted from the loss of use of the ring and little fingers and metacarpals. Rather might the jury understand and conclude that the disability so existent had resulted from the direct injury and from the loss of use of the ring and little fingers and metacarpals. Of course, the jury should be aware that the disability in or loss of use of the hand could not result solely from the loss of use of the plaintiff's little finger and ring finger and metacarpals,—and at the same time be produced by the injuries she sustained directly to her hand. The same situation would obtain in the converse of this situation, or had the jury found that the loss of use of the hand was produced by the injury and disability to the fingers and metacarpals and also found that such loss of use of the hand was produced solely by the injury to it other than and in addition to the injuries to the fingers and metacarpals. By such answers conflicting findings would be made, one or the other of which could not be true. That is what occurred in this instance.

The situation is somewhat analogous to the cases where juries have found plaintiffs in compensation cases to have suffered both permanent and total disability from their injuries and also partial and temporary disability from the same injuries. In those cases the former practice was to give both plaintiffs and defendants their affirmative issues to the frequent confusion of the verdict. This was the subject of a lecture by former Chief Justice James P. Alexander before the Judicial Section of the State Bar of Texas on July 3, 1941. See Franki's Vernon's Texas Rules of Civil Procedure, 1942 Ed. at pp. 285, 286. Subsequent practice has in great measure eliminated such confusion through a more intelligent submission of those issues.

The question positively posed upon the appeal is whether or not special issues 26 and 29 are controlling of the ultimate inquiry to be made of the jury in this case, or whether conversely they do not embody the ultimate inquiry at all and should be ignored. The appellant, relying upon the holding and language of the case of Lumbermen's Mutual Casualty Co. v. Zinn, Tex.Civ.App., Fort Worth 1949, 220 S.W. 2d 906, 908, error refused, points out that in that case the Court of Civil Appeals held that the trial court correctly refused to submit the defensive issue, " 'Do you find from a preponderance of the evidence

that such total loss of the use of the hand, if any, is solely the result of the loss of the use of the little finger on his right hand?' ", because it did not embody the ultimate inquiry, to-wit, whether the injury extended to or affected other portions of the body, or, to put it another way, whether the injury was confined solely to the finger. The Insurance Company, relying upon the holding of the case of American General Insurance Co. v. Beare, Tex.Civ.App., Galveston 1949, 225 S.W.2d 454, error refused, n. r. e., points out that in that case the appellate court not only held that the trial court correctly submitted substantially the same defensive issue in a similar case, but held further that when the jury returned the finding that the loss of use of the plaintiff's hand resulted solely from the loss of use of the index finger such answer would be given controlling effect and deemed to operate to limit the plaintiff's recovery to the finger despite other clearcut findings to the effect that the injury to the finger did extend to and affect plaintiff's hand and result in loss of the use of the hand.

■■■ We believe that by authority of the case of Texas Employers' Insurance Association v. Brownlee, Tex.1953, 256 S.W.2d 76, citing many cases, it is presently settled that whenever the disability in or loss of use of a member of the human body is resultant solely from disability in or loss or loss of use of a lesser included member a compensation claimant is limited in his recovery to the lesser included member. Examples include the hand, of which the lesser included members under the Workmen's Compensation Act are the fingers of such hand, and the arm, of which the hand is the lesser included member. And it is only when the disability or impairment of the use of the greater member is disability or impairment as to use resultant for a reason other than because of the disability in or loss or loss of use of a lesser included member that a compensation claimant may be entitled to a recovery because of the disability or impairment in the greater member. We have already noted that in the

instant case the jury in special issue No. 6 found that the disability in the plaintiff's hand resulted at least in part from a direct injury to the hand, the direct injury being a producing cause of the hand disability.

In both the Lumbermen's Mutual Casualty Co. v. Zinn and the American General Insurance Co. v. Beare cases, supra, the plaintiff in compensation was contending that injuries to fingers extended to and/or affected the hand, resulting in loss of use or disability in the hand other than and in addition to the loss of use or disability in the fingers. Each case would have direct application to the case before us in so far as the appellant plaintiff's contentions in the case at hand relate to the loss of use of her arm, since she predicates her claim for compensation because of her arm disability upon an injury to a lesser member, the hand, which injury is contended to have extended to and/or affected the arm, resulting in loss of use of the arm. But in this case our decision upon the question of the arm disability is necessarily predicated upon a prior decision to be made by us regarding the disability of and injury to the hand.

The jury found plaintiff's hand to have been injured otherwise and in addition to those injuries plaintiff sustained to her ring and little fingers and metacarpals, and found that such injury (other than and in addition to the injuries to plaintiff's ring finger and little finger and metacarpals) was a producing cause of total disability resultant in plaintiff's hand. Certainly, under no theory could we hold that the further finding to the effect that the disability in the plaintiff's hand was solely resultant from the loss of use of her fingers and metacarpals operated to limit her recovery to the fingers and metacarpals. This is not a case where we are dealing with injuries to lesser members which extend to and/or affect the greater. Instead, we have the direct finding that it was the injury to the greater member, the hand, which was a producing cause of disability in the hand. Therefore, certainly the holding of the American General Insurance Co. v. Beare case, supra, would have no ap-

plication. Whether the holding of the Lumbermen's Mutual Casualty Co. v. Zinn case, supra, would have application presents greater difficulty, but in view of the fact that but for the submission of the insurer's defensive theory as to the plaintiff's hand disability, or the necessary exclusion of such theory as a defense by plaintiff's issues upon which she would carry the burden of the exclusion, the defendant insurer would be deprived of its affirmative defense, we believe that the trial court correctly submitted special issue 26. Furthermore, we believe that such special issue unquestionably embodies an ultimate inquiry, for by the finding made the Insurance Company's case would have been won had it not been for the jury's answers to special issues 2, 5, 6 and 8.

Therefore, we feel compelled to hold that in this case the finding of the jury in its answer to special issue 26 was a finding upon an ultimate issue controlling the disposition of the case. Such finding contradicted and was in fatal conflict with the jury's findings that the plaintiff's hand injury (other than her injuries to the fingers and metacarpals) was a producing cause of the loss of use of her hand. This being our conclusion, there is no necessity to enter into like discussion of the arm disability, for if there are conflicting findings of the jury about the disability in the hand the findings of the jury regarding the arm disability must necessarily fall, for the hand is a lesser included part of the arm under our construction of the Workmen's Compensation Act.

Where the findings of a verdict in two or more respects are findings with respect to a definite fact material to the judgment, such that both cannot be true and therefore stand at the same time, they are in fatal conflict. Speer's Special Issues, p. 560, sec. 431. In such circumstances contradictory answers mutually destroy each other and result in no finding, and a trial court's judgment based thereupon is fundamentally erroneous. See text and authorities cited in 41–B Tex.Jur., p. 802, sec. 582.

We have already noted that the judgment awarded to plaintiff, being for total loss of use of the ring finger and little finger and adjacent metacarpals, though not complained of by the defendant insurer, was not supported by the verdict returned by the jury. Since we feel compelled to remand the cause for another trial because of the fatal conflicts in the findings with reference to the plaintiff's hand and arm, no profit would result from a discussion of the validity of the judgment but for such fatal conflicts.

Judgment of the trial court is reversed and the cause remanded for another trial.