## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## D. Z. CHILDRESS, Appellee.

### No. 6413.

Court of Civil Appeals of Texas.

Beaumont.

June 29, 1961.

Rehearing Denied Sept. 6, 1961.

Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellant.

Watson & Selman, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This is a Workmen's Compensation case in which appellee Childress recovered judgment for total and permanent loss of the use of his right hand against the appellant. The sole question before the court is whether or not a fatal conflict existed between certain of the jury's answers to the special issues submitted.

Appellee plead and tried his case on the sole theory that on the occasion in question, he was hit on his right hand with an eight pound sledge hammer, breaking the bones in his hand and fingers and injuring the soft tissues of his hand and especially the tendons thereof, and causing him to sustain total and permanent loss of the use of his right hand.

The defensive theory was to the effect that the appellee suffered injury to his right ring finger and that any incapacity or disability to the right hand was caused by the use or attempted use of such right ring finger.

As here material the answers of the jury were in substance:

"5. That the plaintiff sustained total loss of the use of his right hand following the injury of March 12, 1959, (6) which injury was a producing cause of the total loss of the use of his right hand.

"15. That the plaintiff sustained total loss of the use of his right ring finger following the injury of March 12, 1959.

"25. That plaintiff sustained total loss of the use of his right little finger following the injury of March 12, 1959.

"35. That the injury sustained by plaintiff extended to and affected other parts of his hand than his finger or fingers to be a producing cause of the loss of use of his right hand.

"36. That the plaintiff's loss of use of his right hand is caused solely by the loss of use, or attempted use, of his right ring finger and little finger."

Upon the return of this verdict, the trial court concluded that there was a fatal conflict between the jury's answers to Special Issues Nos. 5, 35, and 36, and so instructed the jury, informing them to retire for further deliberations in order to resolve such conflict. To this action of the court, the appellant took exception and urged that the court accept the verdict of the jury as originally returned and enter judgment thereon. Appellant's motion for judgment having been overruled, the jury retired and subsequently changed their answer to Special Issue No. 36 by finding that the plaintiff's loss of use of his right hand was *not* caused solely by the loss of use, or attempted use, of his right ring finger and right little finger. Whereupon the court entered judgment in favor of the plaintiff for total and permanent loss of the use of his right hand.

We approve the decision of the trial court in the matter. The theory upon which appellee sought to recover was that as a direct result of the accident, his hand was severely smashed and lacerated. The evidence more than supports such theory. We note the court's charge contained no issues inquiring whether or not appellee

specifically sustained any injuries to his fingers, nor any injury to his hand exclusive of his fingers. The record does contain the stipulation that the appellee did sustain accidental personal injuries on March 12, 1959. The court's charge did include a proper definition of "producing cause", and it is our opinion that Special Issue No. 35 admits of no construction other than that the injury occasioned to appellee's hand, exclusive of any injury occasioned to his fingers, in accordance with the court's definition of "producing cause", did, in and of itself, bring about the loss of use of appellee's hand. This, we think, is a proper construction whether it be concluded that the only injury to his hand was the result of damage to the tissues, bones and tendons of the hand by reason of a direct blow to the fingers only, or whether it be construed, in light of the supporting evidence, that the injury was directly to the hand. The jury having found, in effect, that the loss of use of the hand was occasioned by the injury to it, whether direct or indirect, it would be in direct conflict with the answer to Issue No. 36 to the effect that the loss of use of the hand was caused solely by the loss of the use of the fingers. Additionally, we adopt the reasoning of the Fort Worth Court in Dillard v. Traders & General Insurance Co., Tex.Civ.App., 271 S.W.2d 825 at page 827, 3rd paragraph, as particularly pertinent here.

The appellant heavily rests his contention, to the effect that no conflict existed between the answers to the finding made by the jury to the issues in question, on the holding in American General Ins. Co. v. Beare, Tex.Civ.App., 225 S.W.2d 454, 455, writ ref., n. r. e., wherein material jury findings were: "That the injury to plaintiff's index finger did extend to and affect the hand" and that the loss of the use of the hand resulted solely from the loss of the use of the index finger. On page 456 of this opinion, 5th paragraph, that case distinguishes itself from the case at bar thusly: "Here, applying the reasoning used by the court in Petroleum Casualty Co. v. Seale, supra [Tex.Com.App., 13 S.W.2d 364], had plaintiff's finger been injured so severely as to require amputation, he would at most be entitled to recover for the loss of the use of the finger, *unless there was some injury to the hand in addition to that necessarily incident upon the loss of the forefinger.*" (Emphasis added). Our construction of Issue No. 35, supra, and the answer thereto, being that it was a sufficient finding that there was an injury to the hand in addition to that necessarily incident upon the loss of the use of appellee's fingers, we do not consider such case as controlling here.

We fully approve the rule in American Employers' Ins. Co. v. Climer, Tex.Civ. App., 220 S.W.2d 697, to the effect that to allow a recovery for the loss of the use of a hand, as distinguished from the fingers, the injury must extend to the hand above the fingers and affect the hand proper other than *and in addition to that resulting from the loss of use, if any, of the fingers.* (Emphasis added). Contrary to appellant's assertions, however, we do not consider that that the employment of the words hereinabove emphasized of "and in addition to that resulting from the loss of use, if any, of the fingers" to be a mandatory injunction that an issue such as Issue No. 35, supra, must contain such words before a conflict could be held to exist in the circumstances.

The judgment of the trial court is affirmed.