We therefore recommend that the question be answered in the affirmative.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## PETROLEUM CASUALTY CO. v. SEALE et al. (No. 1000–5170.)

Commission of Appeals of Texas, Section B. Feb. 13, 1929.

Conrad J. Landram, K. W. Gilmore, John C. Townes, Jr., and R. E. Seagler, all of Houston, for plaintiff in error.

Geo. G. & M. E. Clough, of Houston, for defendants in error.

LEDDY, J. Defendant in error, Seale, who was an employee of the Humble Company, sustained an injury in the course of his employment and was awarded a judgment

against the appellant insurer under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) for 60 per cent. of his average weekly wages for 300 weeks.

■ The injury for which claimant was awarded compensation was described by him in his petition as follows:

"2. That on and about the 24th day of February, 1926, the plaintiff received an injury during the course of his employment in Harris County, Texas, that an I beam fell on his right foot, breaking four bones, and dislocating his toes, and seriously and permanently injuring him. That at the time of receiving said injury he was earning the sum of $4.00 per day, whereby he was entitled to have and receive of and from the defendant herein compensation at the rate of $13.85 per week during such time as he shall be incapacitated from labor. * * *

"6. Plaintiff would show to the court that as a result of the injury which he so received, he is permanently injured; that he is a laborer, dependent upon his feet in laboring; that his employment requires the use of two good and sound feet, without which he cannot obtain and retain employment as a laborer. That the bones of his feet were broken and have not properly healed or united, nor have his toes resumed a normal position, and he is advised and believes that his said injuries are permanent, and if so he is entitled to have and receive compensation for 401 weeks after the date of injury at the rate of $13.85 per week, or to wit: $5540.00, less 8 payments $110.80, or a balance of $5429.20. * * *"

The trial court refused to submit plaintiff in error's theory to the jury, which was that, under the allegations of the petition, the only injury alleged was one to a specific member of the body, and that the jury should have determined the extent and duration of the specific injury thus alleged. The finding upon which the judgment is predicated was the jury's answer to special issues that appellee suffered 85 per cent. permanent incapacity to labor.

We do not think the trial court submitted the issue made by the pleadings in this case. Most favorably construed, defendant in error's petition alleged only an injury to the foot. Having set out no other injury, the allegation that his injuries were permanent is referable to the specific injury alleged. If no mention had been made of the particular injury, the general allegation that he was permanently injured would have been sufficient in the absence of a special exception. International & G. N. R. Co. v. Beasley, 9 Tex. Civ. App. 569, 29 S. W. 1121; Southern Pacific Co. v. Martin, 98 Tex. 322, 83 S. W. 675.

Under the pleadings, the court should have submitted separately the issues as to the duration and extent of defendant in error's injury to the specific member alleged, and also directed the jury to determine the percentage of incapacity sustained by reason of the injury to the foot, and in entering judgment should have awarded compensation under section 12 of the Workmen's Compensation Act (Rev. St. 1925, art. 8306, § 12).

Under the pleadings, defendant in error was entitled to be compensated for a permanent partial incapacity to his foot. If the issue thus made by the pleadings had been properly submitted to the jury and a finding returned that the injury was partial and permanent, and the percentage of incapacity had been found, defendant in error would have been entitled to have received a sum equal to the percentage so found, multiplied by 60 per cent. of his average weekly wages for a period of 125 weeks.

■■ Under the terms of the Workmen's Compensation Act, defendant in error cannot, by alleging incapacity to labor on account of injuries received to his foot, be entitled to receive a greater compensation than the percentage of his incapacity bears to the amount he would have been permitted to recover if he had sustained a complete loss of his foot. Any other construction of the act would permit an employee to recover more for the partial loss of the use of a member of his body than he could recover for the complete loss of the same. Such a construction of the act can only be arrived at by considering isolated portions thereof. In order to fairly arrive at the intention of the Legislature as to the compensation to be awarded an injured person, the act must be construed as a whole. When so considered, it is clear that it was never contemplated that one employee who has received a permanent partial incapacity to a specific member of the body should receive more compensation than another employee who has sustained a complete loss of the same member of the body. The result of so construing the act would do violence to the plainest principles of justice, and should not be indulged unless the language thereof compels such construction. This interpretation can be avoided by indulging the implication that a permanent partial incapacity to a specific member of the body must be compensated at the same rate provided for a loss of the member, multiplied by the percentage of incapacity found to exist.

Defendant in error insists that he is incapacitated from performing the character of labor for which he is fitted on account of the permanent partial loss of the use of his foot. In like manner, any employee who labors and loses his foot entirely, or the complete use thereof, is disabled from following his avocation. If defendant in error is permitted to recover a greater sum for a specific injury to a member of his body than is provided for the complete loss of the member, we see no reason why a person who has lost his foot by amputation or has lost the complete use thereof cannot, by a similar allegation, be permitted to recover a greater amount than

is provided for in the schedule for such specific injuries under section 12. The Legislature has seen fit to provide a definite and fixed compensation for the loss of a member of the body; hence a person who loses his foot could not, by pleading total incapacity to labor on account thereof, be compensated under any other provision of the act than that which applies to the specific member which he has lost. This being true, it follows that, when a person has suffered a permanent partial incapacity to a specific member of the body, which is not complicated by any other injury, he cannot extend his recovery by alleging that by reason of such injury he is incapacitated from performing manual labor. It was the clear purpose of the Legislature, in making specific provision for recovery for loss of a member or the use thereof, to confine a person receiving such an injury to a recovery therein named. If the compensation allowed for the specific injuries named in section 12 is insufficient, the remedy lies, not with the courts, but with the law-making body.

We do not mean to hold that·an employee who has received an injury to a specific member of the body is confined to a recovery of the compensation specially provided for such injury if he is able to allege and prove other injuries or if it be fairly shown that the injury to the specific member has involved other portions of his body or affected his general health. Under such allegations and proof he may be entitled to have his injury compensated under the more liberal provisions of the act.

The rule laid down in this case follows our holding in Lumbermen's Reciprocal Ass'n v. Pollard, 10 S.W.(2d) 982 (not yet officially reported), and is not out of harmony with that declared in the Moreno Case (Tex. Com. App.) 277 S. W. 84, decided by this Commission, as in that case, in addition to the specific injury, it was alleged that Moreno's left shoulder was involved, and that the injury affected his respiratory organs, which caused him to be weakened, and affected his general nervous system. The same doctrine was applied in Lumbermen's Reciprocal Ass'n v. Anders (Tex. Civ. App.) 292 S. W. 267. In that case it was claimed that appellee should have been confined to a recovery for an injury to the foot. The pleadings alleged, and the proof showed, that, in addition to the injury to the foot, he sustained a broken leg, that the bones had failed to unite, and that by reason of all of such injuries he was prevented from performing manual labor. Under such circumstances it was properly held that he was not confined to a recovery for the specific injury to the foot.

The manifest injustice of the rule contended for by defendant in error is made apparent by the recovery permitted in this case. If one of his colaborers had been injured at the.same time defendant in error received his injury, which had resulted in the amputation of his foot, or in the complete loss of the use thereof, the recovery would have been confined under the plain provisions of section 12 of the act, to 60 per cent. of his average weekly wages for a period of 125 weeks, while defendant in error, who suffered a lesser injury, was allowed the same amount of compensation for a period of 300 weeks. In other words, he has been allowed more than twice as much compensation for a permanent partial incapacity to his foot as his colaborer could have been allowed for the complete loss of the use of his foot. We do not think, when the act is considered as a whole, that we are justified in imputing to the Legislature an intention to work such an injustice and inequality upon those entitled to receive benefits under the act.

We recommend that the judgment of the trial court and Court of Civil Appeals be reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.