## TRADERS & GENERAL INS. CO. v. MARRABLE.

### No. 13872.

Court of Civil Appeals of Texas.
Fort Worth.
March 3, 1939.

Rehearing Denied April 7, 1939.

Simpson, Dorenfield & Fullingim, of Amarillo, and Lightfoot, Robertson & Gano and Dan P. Johnston, all of Fort Worth, for appellant.

Jones & Jones, of Marshall, for appellee.

SPEER, Justice.

This is a workmen's compensation case. Billie W. Marrable is the employee, Sabinas Oil Corporation the employer, and Traders & General Insurance Company the insurance carrier.

The employee was injured in the course of his employment by a fall from a ladder while painting an oil tank. His ankle and foot were injured and it was claimed by him to have affected his entire right leg. Notice was timely given, a hearing had before the Industrial Accident Board, and a final award made. The carrier was dissatisfied with the award and appealed to the District Court of Gregg County. The employee answered and filed cross action in the usual form. Before trial the carrier was permitted to take a non suit and dismiss its action. Answer was made to the cross action by general denial and certain special defenses. Trial was had to a jury, resulting in a judgment for the employee for compensation for 401 weeks, with a lump sum settlement. The carrier perfected its appeal to the Texarkana Court of Civil Appeals, and by an order of the Supreme Court, is before us for review.

For convenience, we shall refer to Traders & General Insurance Company as appellant, and to Billie W. Marrable as appellee.

In the view we take of this appeal, it must be disposed of upon assignments of error raising the sufficiency of the pleadings and the special issues submitted. Certain of these assignments are well taken and must be sustained, as we shall presently show. Appellant claims that appellee's cause of action is one for specific injuries and that his pleadings are insufficient to raise the issue of a general injury and total incapacity to labor. With this in view, we shall quote so much of appellee's pleadings as necessary to a discussion of the point.

After allegations in which it appears appellee fell from a ladder while painting an oil tank for his employer, the details of which are unimportant to the point before us, the cross petition reads: "That while so working in the scope of his employment pursuant to the orders of his employer's superintendent, defendant (appellee) fell to the ground from the ladder, a distance of some sixteen feet, more or less, breaking the bones of his right leg, ankle and foot. That by reason of these accidental injuries, the hereinafter described disability resulted to the defendant and cross-plaintiff."

Again, with reference to the nature of the injuries sustained, it was alleged: "Defendant (appellee) would show that as a result of the above described accident, the bones of his right leg, ankle, foot, heel and ankle joint were broken, fractured, impaired and severely injured; that as a result of the fractures, there are adhesions in the right leg, foot, ankle and ankle joint; that there is a marked impairment of the function of the ankle joint and foot; that there is a marked eversion of the right foot and a limitation of the motion of the right ankle joint in all directions, and more particularly that there is a limitation in the flexion and external rotation in the right ankle joint. That the aforementioned fractures healed and knitted in such a way as to result in a shortening of the various fractured bones. That as a result of the injuries aforementioned, there has been a marked interference with the weight transmission of the body through the right leg, ankle joint, and foot, due to a resulting disalignment of the right leg. Further, that in the joints of the right foot and ankle there has been a marked and extended development of ankylosis. Defendant would show that this injury has resulted in total and permanent incapacity to do

manual labor. Defendant would show that before he received the injuries in question, he was a young, strong, and able-bodied man, capable of doing manual labor and fitted only for labor that required physical exertion. That because of the injuries in question, his ability to earn money as a manual laborer has been totally and permanently destroyed."

There were alternative pleadings, to the effect that if he was not totally and permanently disabled and incapacitated, then, because of said injuries, he had suffered a total and permanent loss of his right leg, and a second alternative plea that he had totally and permanently lost the use of his right foot.

Special issues submitted and their answers were substantially as follows: (1) The work being done by defendant (appellee) when injured was one of necessity. (2) Defendant sustained an injury resulting in his total incapacity to labor. (3) Defendant suffers pain when he attempts to use his right leg and foot. (4) That the pain is of such a nature as to prevent defendant from procuring and retaining employment. (5) The pain defendant suffers from using his right leg and foot is permanent. (6) Defendant's total incapacity to labor is permanent. (7) This is a case in which manifest hardship and injustice will result to defendant if his compensation is not paid in a lump sum. (8) Defendant's total incapacity to labor will continue for 600 weeks after the date he received the injuries. (9) The injuries received by defendant will not result in a partial incapacity to labor. (12a) The incapacity of defendant is not confined to his right leg. Other issues were submitted, but they need not be discussed here.

Based on the average weekly wage rate found by the jury, judgment was entered for appellee in a lump sum. Motion for new trial, raising all matters presented by assignments here, was overruled by the trial court, and this appeal was perfected.

Appellant's first and second propositions or points presented here go to the sufficiency of appellee's pleadings to raise the question of a general compensable injury, as distinguished from a specific injury, as defined by the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. It is contended by appellant that such injury as appellee sustained, as disclosed by his petition in cross-action, was a specific injury for which compensation is provided

for a less number of weeks than if the injury had been what is known as a general one. These propositions are based upon assignments which must be sustained.

Article 8306, Sect. 12, R.C.S., is applicable to appellee's recovery in this case. Under this section, we find the specific injuries enumerated and the maximum compensation prescribed. Among other specific injuries to named members of the body appears the one relating to loss of the use of a leg, which reads: "For the loss of a leg at or above the knee, sixty per cent of the average weekly wages during two hundred weeks." Under the same section appears the provision for the loss of a foot, which is in these words: "For the loss of a foot, sixty per cent of the average weekly wages during one hundred and twenty-five weeks". In the same section of the Act it is provided that: "Where the employé sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

■■ The allegations of the petition in cross-action allege only an initial or original injury to the foot and ankle and if no other allegations of resultant injury therefrom had been made, he would have been confined to a recovery to that member, but from the allegations above quoted, it will be observed he claims broken bones of the right leg, foot and ankle resulting in adhesions in the right leg, foot and ankle; also an interference with the weight transmission of the body through the right leg, ankle, foot and joints. These allegations are sufficient to entitle appellee to recover, if he can, compensation for the injury to the leg, which is a longer period than that allowed for the injury to the foot. No contention is made by appellee that the fall injured the leg, as such, except in such manner as it was affected by the result of the injury to the foot, which in a broad sense is a part of the leg. There is nowhere to be found in the petition in cross-action any complaint that the injury to the foot and leg affected any other part of the body. It is not shown that his nervous system was affected, nor even that any

pain results to him in an attempt to use his injured limb. Only by counter propositions in appellee's brief is such claim made. These contentions made on appeal may not be substituted for allegations in his cross-action. Nor is the general allegation, that because of the injuries sustained he has suffered permanent and total incapacity to labor, sufficient to raise that issue under the conditions presented here.

■■ The latter general allegation is a pure conclusion of the pleader and no fact allegations are made to remove it from the rule that such a conclusion will not support a judgment rendered thereon. 33 Texas Jur., p. 558, sect. 123; Baker v. Hahn, Tex. Civ.App., 161 S.W. 443; Wall v. Royal Indemnity Co, Tex.Civ.App., 299 S.W. 319; Ball v. Bankers Life Co., Tex.Civ. App., 103 S.W.2d 1111, writ dismissed. On this point the text of 33 Tex.Jur., p. 432, sect. 19, condemns what is commonly known as conclusions of pleaders, but they are said to be immaterial if sufficient facts are pleaded in connection therewith, to show the deduction or conclusion reached by the pleader is a proper one, based on the facts stated. All of the pleaded facts and circumstances shown in the pleading relating to the injuries sustained by appellee are in connection with the resulting injuries to the leg, because of the damages sustained to the ankle and foot. At most, such explanatory allegations would have the effect to enlarge the compensation for injuries to or loss of the foot to the greater injury to the leg.

■■ The general allegation of total and permanent incapacity, although a conclusion of the pleader, might have been a sufficient basis for recovery of general disability when the opposing party appeared, answered and made no objection or exception to the allegation, but when the petition in cross-action disclosed a specific injury, the subsequent general plea of total and permanent disability would be construed to apply to the cause of action pleaded. The further general allegation, to which we have referred, to the effect that prior to the injury appellee was a strong young man and dependent upon manual labor to earn his living, adds no strength to the claim for general incapacity, but is referable to the permanency and degree of incapacity occasioned by the leg and foot injury. Put another way, if the action was for compensation for injury

alone to appellee's leg, he would have a right to allege a state of facts, and prove them, if true, showing the injury to be total and permanent, so as to entitle him to the full 200 weeks compensation for the loss of the use of that member of his body. In no event could he recover more compensation for injury to his leg than if he had lost it by amputation.

The case of Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364, was very much like the one now before us. There, the employee claimed a heavy timber fell on his foot, breaking four bones and dislocating his toes, and seriously and permanently injuring him; he alleged that he was a laborer and dependent upon his labors for maintenance; that his employment required two good feet, and without which he could not procure and retain employment as a laborer; that he was totally disabled to labor and entitled to compensation for 401 weeks. Applicable to the point before us in this case, the court said, at page 365:

"The trial court refused to submit plaintiff in error's [the insurance carrier] theory to the jury, which was that, under the allegations of the petition, the only injury alleged was one to a specific member of the body, and that the jury should have determined the extent and duration of the specific injury thus alleged. * * *

"We do not think the trial court submitted the issue made by the pleadings in this case. Most favorably construed, defendant in error's [the employee] petition alleged only an injury to the foot. Having set out no other injury, the allegation that his injuries were permanent is referable to the specific injury alleged. If no mention had been made of the particular injury, the general allegation that he was permanently injured would have been sufficient in the absence of a special exception." (Citing authorities.)

Relating to the claim of appellee that he had alleged a cause of action for general incapacity, it is said on the same page of the opinion from which we have last quoted above: "Under the terms of the Workmen's Compensation Act, defendant in error [employee] cannot, by alleging incapacity to labor on account of injuries received to his foot, be entitled to receive a greater compensation than the percentage of his incapacity bears to the amount he would have been permitted to recover if he had sustained a complete loss of his foot."

With appellee's petition in cross-action in its present condition, showing no injury to any other member of the body than the leg, and that injury being the result of the injury to the ankle and foot, upon another trial his recovery will be confined to compensation for injuries to the leg, that member affording a greater compensation than that of the injury to the foot, a unit of the leg. Lumbermen's Reciprocal Ass'n v. Pollard, Tex.Com.App., 10 S.W.2d 982; Maryland Casualty Co. v. Donnelly, Tex.Civ.App., 50 S.W.2d 388, writ dismissed. .

As has been frequently said by our courts, we do not mean to hold that because it is made to appear that an employee has sustained an injury to a specific member of the body, so designated by the Legislature in the Workmen's Compensation Act, that he is confined to compensation only for that member of his body, when it is alleged and shown that such injury to the member has resulted in injuries to other parts of his body. Such is not the law of this state. But it is fundamentally true that before a recovery can be had for injuries to the whole body, entitling one to general compensation under the Act for incapacity, allegations to that effect must be made. Petroleum Casualty Co. v. Seale, supra, and many others to the same effect could be cited.

In support of appellee's contention that he is not confined to compensation for a specific injury, when he shows that his leg was severely injured, he cites us to such cases as Lumbermen's Reciprocal Ass'n v. Anders, Tex.Civ.App., 292 S.W. 265, writ refused; Millers' Indemnity Underwriters v. Cahal, Tex.Civ.App., 257 S.W. 957; Texas Employers' Ins. Ass'n v. Varner, Tex.Civ.App, 20 S.W.2d 334; Texas Employers' Ins. Ass'n v. Ray, Tex.Civ.App., 68 S.W.2d 290, writ refused; Southern Surety Co. v. Lacoste, Tex.Civ.App., 7 S. W.2d 197, writ refused, and others, but a reading of those cases will disclose that in each, there were allegations made which disclosed that the injuries to the specific member resulted in injuries to other parts of the body. The assignments raising the question of insufficient pleadings are sustained.

Appellant's third and fourth propositions challenge the submission of special issues two and six, in which inquiries were made whether or not appellee's incapacity to labor was total and permanent, respec-

tively. These assignments are sustained, for the reason there are no allegations in the cross petition to support evidence introduced, as above shown.

■■■ Propositions five, six, and seven, based upon proper assignments, go to the court's submission of special issues three, four and five, respectively, wherein it was inquired if appellee suffers pain when he attempts to use the injured leg. These assignments are sustained, because there were no allegations of pain suffered in any other part of his body, resulting from the injuries received to his right leg. No doubt there will be amendments to appellee's petition in cross-action, and we purposely decline to discuss these issues further than what has already been said. The eighth, ninth and tenth propositions assert that the court erred in not sustaining appellant's motion for a new trial, because of the errors pointed out in this opinion, and further, because the evidence did not support the verdict rendered. The new trial should have been granted, but we shall not pass upon the sufficiency of the testimony.

■■■ There are other assignments of error which complain of the manner of the submission of special issues, but in view of another trial, the case must be heard upon a different theory from that which is now before us and no useful purpose could be served by a discussion of the issues shown in the record. Our courts have announced definitely that all issues raised by the pleadings and upon which evidence is offered must be submitted, with the burden of proof placed upon the proper party, and we are warranted in assuming that this will be done at the next trial.

For the reasons stated, the assignments of error mentioned are sustained, and the judgment of the trial court is reversed and the cause remanded.

### On Remittitur and Motion to Affirm for Remainder and Alternatively for Rehearing.

■■■ Appellee has filed a motion whereby he asks us to withdraw our former opinion in this case, in which we reversed it for another trial, and to allow the tendered remittitur of a sum equal to all compensation recovered by him in the trial court, over and above two hundred weeks, and to reform and affirm the judgment of the trial court for the compensation allowed for two hundred weeks, the maximum time compensation may be allowed by law for permanent loss of his leg and his incapacity resulting therefrom.

We are unable to grant this motion, for the reasons: (1) To do so would be, in effect, the affirmance of a judgment allowing a lump sum settlement for a specific injury, which is not authorized by law. The only cases in which associations are required to redeem their liability by paying in lump sums are specifically limited to death claims or to those in which total permanent incapacity results from an injury. Article 8306, sect. 15, R.C.S., and the following cases by our Courts of Civil Appeals: American Ind. Co. v. Hubbard, 196 S.W. 1011; Texas Emp. Ins. Ass'n v. Pierce, 230 S.W. 872; Aetna Life Ins. Co. v. Rodriguez, 255 S.W. 446; Texas Emp. Ins. Ass'n v. Nelson, 292 S.W. 651; Oilmen's Reciprocal Ass'n v. Harris, 293 S.W. 580; Norwich Union Ind. Co. v. Maynard, 300 S.W. 196. And (2) because we believe the ends of justice will be best subserved by remanding for another trial. Our views on this point are obvious from what we have said in the original opinion. We think the case was tried upon the wrong theory presented by the pleadings. See Sun Oil Co. v. Gunter, Tex.Civ.App., 125 S.W.2d 338, and Waldo v. Galveston, H. & S. A. R. Co., Tex.Com.App., 50 S.W.2d 274, where it was held causes should be remanded and not rendered where, by doing so, the ends of justice will be best subserved, even to supply additional testimony, to amend pleadings or to show jurisdiction. This motion must, therefore, be overruled.

We have carefully studied the various grounds urged in the motion for rehearing, and, finding no merit in either, it, also, is accordingly overruled.