## FERRELL v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 13676.

Court of Civil Appeals of Texas. Dallas.

March 29, 1946.

White & Yarborough and W. E. Johnson, all of Dallas, for appellant.

Burford, Ryburn, Hincks & Ford, Bruce Graham, and Howard Jensen, all of Dallas, for appellee.

LOONEY, Justice.

This is a compensation case. The Merchants' Cold Storage of Dallas was the employer; Marvin Ferrell, appellant, the employe; and Texas Employers' Insurance Association, appellee, the insurance carrier. On findings of the jury, the court rendered judgment in favor of appellant for the sum of $143.38, compensation for the temporary partial loss of the use of his right leg below the knee; from which appellant prosecutes this appeal. His main contention is that, owing to irreconcilable conflicts in the jury findings, a mistrial should have been declared; and that the court erred in rendering judgment on the verdict.

The jury found that on April 26, 1944, the appellant received an accidental injury in the course of his employment, and these findings were followed by two groups of findings: One group related to appellant's incapacity to work as the result of the injury, that is, the jury found that appellant suffered total temporary incapacity which began on the day of the injury and lasted 15 weeks and 5 days; the other group related to appellant's loss of the use of the injured member, that is, they found a temporary 50 percent partial loss of the use of his right leg below the knee, beginning on the day of the injury and continuing 15 weeks and 5 days; the jury also found, in answer to issues 14 and 24, that appellent's injury did not extend to or affect portions of his body other than his right leg below the knee. It was upon the latter group of findings that the court rendered judgment.

Appellant urges a number of points of error; however we think their purport and meaning are expressed in appellant's point No. 7, where the contention is made

that "The court committed reversible error in rendering judgment upon a jury verdict containing irreconcilable conflicts in that the findings of the jury that the plaintiff suffered total disability for 15 weeks and 5 days is in conflict with the findings that for the same period of time plaintiff suffered only a 50 percent partial loss of use of the right leg below the knee."

We do not think appellant's points are well taken. In view of holdings in similar cases, it is obvious, we think, that the findings on issues in regard to appellant's incapacity to labor, as the result of the injury, are immaterial and not in conflict with findings on issues in regard to the percentage of loss of the use of his right leg below the knee, as the jury also found that the injury did not extend to or affect appellant's body in any other respect.

In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W. 2d 463, 464, Judge Sharp, speaking for the Supreme Court, among other things used this language: "Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor." Language equally pertinent is found in Texas Employers Ins. Ass'n v. Thrash, Tex.Civ.App., 136 S.W.2d 905, 907, where the court, among other things, said: "The findings as to partial permanent economic disability in no way conflict with the finding of specific injury. In other words, a specific injury may or may not result in economic incapacity. If the injury be specific the finding of economic incapacity is immaterial." To the same effect, see Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; also Russell v. United Employers Casualty Co., Tex.Civ.App., 158 S.W.2d 575. It follows that we do not think the trial court erred in the respect mentioned.

Appellant also complains that the court erred in refusing to give his requested issue, reading as follows: "You are in-

structed, if you believe from a preponderance of the evidence that plaintiff is disabled and that such disability, if any, is caused partly by the alleged injury, if any, and partly by disease or other causes unconnected with the injury, if any, you will fix his disability, if any, just as if all of his disability, if any, was the result of the injury, if any."

It is so well settled as not to require citation of authorities that the action of a trial court in refusing requested instructions will not be reviewed in the absence of a statement of facts, as in the instant case. Appellant seeks to circumvent this rule by the contention that, in view of the court's issue No. 34, it must be presumed that there was evidence of disease or infirmity bearing upon appellant's disability; arguing that: "As this Court knows, in a compensation case where the evidence is conflicting as to whether the disability is caused by disease solely or by disease and injuries combined, it is highly essential that the jury understand that if the disability is a combination of both the injury and the disease, that the extent of the disability for compensation purposes shall be fixed as if all such disability were caused by injury alone. Unless the jury has such an explanation made to it, there is a strong probability that the jury in fixing the percentage of disability will undertake to separate the disability that is the result of the disease from that which is caused by injury, and fix the disability only on the basis of that caused by the injury."

Among other issues submitted by the court was No. 34, reading: "Do you find from a preponderance of the evidence that plaintiff's disability, if any, was caused solely by disease or infirmity?" to which the jury answered "No."

The negative answer of the jury, in our opinion, substantially answered appellant's speculations as to what the jury might do in the absence of the requested charge; besides, without a statement of facts, we could not assume that there was evidence of such nature as to admit of severance by the jury of appellant's disability caused by disease or infirmity from that caused by the injury. Doubtless the presumption should be indulged that there was sufficient

evidence to warrant the court in submitting issue No. 34 in regard to disability arising from disease or infirmity, but, in the absence of a statement of facts, we could not presume there was also evidence of disability arising from "other causes unconnected with the injury" mentioned in the requested issue, as it is easy to imagine many causes, other than disease or infirmity mentioned in the issue given, that would cause or add to physical disability.

After a careful consideration, appellant's points of error are overruled, and the judgment of the trial court affirmed.

Affirmed.