**AMERICAN CASUALTY & LIFE INSURANCE CO., Appellant,**

v.

**H. Don HASTINGS, Appellee.**

No. 3441.

Court of Civil Appeals of Texas.

Waco.

March 14, 1957.

Rehearing Denied April 11, 1957.

John B. Stigall, Jr., John F. Maxfield, Dallas, for appellant.

Thompson, Coe & Cousins, I. L. Allen, Dallas, for appellee.

TIREY, Justice.

This is a suit for recovery of commissions alleged to have been earned pursuant to appellee's efforts as agent for the appellant, together with interest on such commissions from the due date until paid. The parties entered into the following stipulations:

"That in the event that the plaintiff, H. Don Hastings, established his right to recovery of damages in the above styled and numbered cause, from defendant, American Casualty and Life Insurance Company, the liability of defendant to plaintiff, under the terms of their contract or contracts, is Six Hundred Sixty Dollars ($660.00) being in lieu of payment of renewal commissions under said contract(s) for the period of from November 1, 1954 through and including September 1956, which is the end of the contract period."

The court overruled appellant's motion for instructed verdict and submitted three issues:

"1. Do you find from a preponderance of the evidence that on or about the month of August, 1954, the plaintiff, H. Don Hastings, attempted to cause Peyton Smith, an agent of American Casualty and Life Insurance Company, to enter the services of First American Life Insurance Company?", to which the jury answered "No."

"2. Do you find from a preponderance of the evidence that on or about the month of September 1954, the plaintiff, H. D. Hastings, attempted to cause Peyton Smith, an agent of American Casualty and Life Insurance Company, to enter the services of American Investors Insurance Company?", to which the jury answered "No."

"3. Do you find from a preponderance of the evidence that on or about the month of August, 1955, the plaintiff, H. Don Hastings, attempted to cause Peyton Smith, an agent of Amer-

ican Casualty and Life Insurance Company, to enter the services of American Investors Insurance Company?", to which the jury answered "Yes."

Appellant filed motion for judgment notwithstanding the verdict, which was overruled. Appellee filed motion for judgment on the verdict and to disregard answer of the jury to Special Issue No. 3, which motion was granted and judgment was entered for appellee against appellant in the sum of $660, with legal interest and for costs. Appellant seasonably perfected its appeal to the Dallas Court of Civil Appeals and the case is here on transfer order of our Supreme Court.

The judgment is assailed on three points and they are substantially: (1 and 2) The court erred in not granting appellant's motion for peremptory instruction, in view of appellee's own testimony showing that there was no material disputed fact issue as to whether or not appellee had violated his contract and thereby terminated the contract, and in granting appellee's motion for judgment notwithstanding the finding of the jury on the third issue, "thereby bringing in the inapplicable doctrine of anticipatory breach;" and (3) the court erred in rendering judgment for payments not yet due and owing without discounting said amount to its worth at the time of judgment.

Appellee's counter points are substantially: (1) The court did not err in overruling appellant's motion for a peremptory instruction; (2) appellant had breached and repudiated the contract between the parties and by its own acts had no right to make any assertion or claim based on the contract; (3) the court's judgment was for a sum stipulated by the parties as the proper amount of damages.

As a reviewing court it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur. pp 370 and 372. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" (Citing cases.) See Olds v. Traylor, Tex.Civ.App., 180 S. W.2d 511, 514, points 8 and 9, writ ref. Moreover, "'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable."'" See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated. However, there is another rule to the effect that where an assignment is made that the evidence is insufficient to support the findings of the jury, or that such a verdict is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust, the cause should be reversed and remanded by reason thereof, as explained by our Supreme Court in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660. (However, the doctrine last above stated is not invoked by appellant in this cause).

As we understand appellant's position, there is no issue or conflict as to the terms and conditions of the various contracts under which the appellee was employed at the time he earned the commissions sued for. Because of the stipulations made and here quoted, there is no controversy about the amount of the commissions he is entitled to, if he is entitled to recover. All appellant is claiming is that appellee, while he was in the employ of appellant, violated the terms of his contract in that he tried to get Peyton Smith to sever his agency relationship with the appellant and enter the services of another insurance company. The allegation in appellant's answer is substantially that Hastings would not at any time attempt to cause any agent of appellant to enter the services of another company, and that if Hastings should attempt to cause any agent to leave the employment of appellant, such action upon the part of Hastings would result in a complete forfeiture of any further benefits under said contract.

■ Since appellant filed its motion for instructed verdict and here now insists that there was no evidence to sustain the findings of the jury to Issues 1 and 2, it is our duty to examine the testimony tendered very carefully, and this we have done. After so doing, it is our view that the testimony is ample to sustain the jury's findings to Issues 1 and 2. We do not believe that the evidence on these points would be of any precedential value if we set it out, and for that reason we have not done so.

■ We see no error in the court's decree in granting appellee's motion for verdict notwithstanding the finding of the jury on the third issue. It is without dispute that on December 15, 1954, the appellant, through its Executive Vice-President, wrote to appellee in part as follows:

"Since the October accounting, it has come to our attention that you have worked an unconditional forfeiture of your rights under the contract, including the right to any further compensation to accrue or to become due."

Going back to the claimed position of appellant, it was to the effect that appellee had endeavored to get Peyton Smith to sever his relations with appellant while Smith was an employee of appellant, and we find that the evidence is without dispute that the only conversation in the record that appellee had with Smith was some months after appellant's contract with appellee had been terminated. The record is silent as to why appellee and appellant terminated the contracts under which appellee was in the employ of appellant. It is true that appellee was in the employ of another insurance company at the time he had his conversation in question with Peyton Smith, but the jury found that appellee, in such conversation, did not attempt to get Peyton Smith to change his employment from appellant to any other company, and the record indicates that all that was said by appellee to Smith was to the effect that if Smith wanted to change his position, he would like to talk to him before he made any change. We find no evidence to sustain a breach on the part of appellee of his contract with appellant, but the evidence is without dispute that appellant breached its contract with appellee and refused to pay him commissions he had earned under his contract. The stipulation between the parties fixes appellant's obligation to appellee. The doctrine announced by our Supreme Court in Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853, opinion on motion for rehearing, Tex.Com. App., 46 S.W.2d 292, is applicable here and the doctrine there stated is contrary to the position taken by appellant. We see no merit whatsoever in appellant's position and the judgment of the trial court is in all things affirmed.