**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

Marion J. **SULLIVAN**, Individually and as
Next Friend, etc., Appellee.

No. 5349.

Court of Civil Appeals of Texas.

El Paso.

Aug. 3, 1959.

Rehearing Denied Aug. 18, 1959.

Kemp, Smith, Brown, Goggin & White, William Duncan, El Paso, for appellant.

Fryer, Milstead & Luscombe, El Paso, for appellee.

LANGDON, Chief Justice.

On appeal from an award of the Industrial Accident Board, appellee claimed benefits for herself and minor children on account of the death of her husband, Paul J. Sullivan, killed while piloting an airplane in a crop dusting accident. Appellant denied that the deceased was an employee of the employer insured by appellant. On trial, in answer to the single issue submitted by the trial court, the jury found that deceased was such employee, and the trial court held that coverage was provided by the policy. Judgment was entered for appellee and this appeal followed.

Appellant has brought eleven points of error which present two main questions for our consideration:

1. Is there evidence, or sufficient evidence, to support the jury's verdict that the deceased was an employee of John S. Bavousett, doing business as Bavousett Fertilizer & Chemical Company?

2. Was coverage afforded the deceased under appellant's workmen's compensation policy sold by it to Bavousett Fertilizer & Chemical Company?

■ We believe the first question must be answered in the affirmative.

It is appellant's contention that the deceased was an employee of Better Crop Dusters Company, a corporation, the employees of which were not insured by appellant; that appellant was the insurer of the employees of Bavousett Fertilizer & Chemical Company and that the policy of workmen's compensation insurance issued by appellant to this company provided no coverage for the deceased because the terms of the policy, classification, and rate did not include crop dusting.

The Bavousett Fertilizer & Chemical Company, which we shall hereafter refer to as the "Bavousett Company", was managed and solely owned by John S. Bavousett. In addition, Mr. Bavousett owned an interest in two corporations—Better Crop Dusters Company, and Pioneer Chemicals Company, Inc. Each of these corporations owned aircraft, employed aircraft pilots,

engaged in the business of aerial crop dusting, and also sold agricultural chemicals.

Because Mr. Bavousett died before the trial of this case, his testimony was not available at the trial below. It is undisputed, however, that the deceased pilot, Paul J. Sullivan, was hired personally by Mr. Bavousett. As sole owner of the Bavousett Company, Mr. Bavousett unquestionably had the authority to employ the deceased in the business of the Bavousett Company. We think it may also be assumed that Bavousett had authority to employ the deceased in the business of the corporation, Better Crop Dusters, and possibly had the same authority in connection with the business of Pioneer Chemical Company, Inc. The evidence is conflicting on the question as to which company was the employer of the deceased at the time of his death. We think it was the duty of the jury to resolve this conflict, which it did, the conflict being resolved in favor of the appellee.

The Bavousett Company is shown by the evidence to have been engaged in the business of the sale and application of insecticides, fertilizers, fungicides, hormones, weed sprays and dusters. One of appellant's witnesses, Mrs. Mary Bavousett, testified on direct examination: " * * * we have a warehouse that we stored agricultural chemicals in, we had men that made contacts and sold chemicals, men, one or two. We had a mechanic to help repair tractors and we had one that applied these chemicals on the property—on the farm." She explained that the man who applied the chemicals on the farm was a truck driver or tractor man. On cross-examination, Mrs. Bavousett testified that she was not present when her husband hired the deceased, and knew none of the details of his employment.

The deceased was killed within two or three days after he was hired by Mr. Bavousett, and before he had received his first pay check. The fatal accident occurred on the farm of appellee's witness, Mr. J. G. Britton, who testified that he contacted John Bavousett to apply insecticides; that the insecticide was applied by airplane; that the airplane crashed and the pilot was killed; that he was thereafter billed for the insecticides and its application by Bavousett Fertilizer & Chemical Company, and that he paid the bill by check made payable to Bavousett Fertilizer & Chemical Company. He further testified that the check was paid and returned bearing the endorsement of the Bavousett Fertilizer & Chemical Company, and that he received no bills from Better Crop Dusters Company.

■ When the testimony is conflicting on a question of fact, the appellate court will not disturb the verdict of the jury when there is competent evidence to support the findings; and it is immaterial that the trial judge and the appellate court might have arrived at a different conclusion in passing upon the conflicting evidence. 4 Tex.Jur. 2nd 390, pars. 837 and 838; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Continental Fire & Cas. Ins. Corp. v. Drummond, Tex.Civ.App., 220 S.W.2d 922.

The jury having found that the deceased was an employee of the Bavousett Company, the second question on this appeal is raised. Was coverage afforded the deceased under appellant's workmen's compensation policy sold by it to the Bavousett Company?

We think this question must also be answered in the affirmative.

The policy of workmen's compensation insurance issued by appellant to the Bavousett Company is the standard workmen's compensation and employers' liability policy. Among other provisions it contains the following:

"IV. This Agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or op-

purtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

Appellant contends that the application of agricultural chemicals by airplane is a separate business enterprise, and is not incident to or connected with the sale of such products; that the policy does not cover airplane pilots and that no such employees are described or rated in the Declarations, and no premium has been paid on such a classification of employees.

The evidence reflects that the Bavousett Company was in the business of selling fertilizer and insecticides and had a man who applied the chemicals on the farms by tractor. While common sense would dictate that a greater risk or hazard would be involved in the application of agricultural chemicals by aircraft than is the case where they are applied by tractor or other ground vehicle, this risk was not excluded by the terms of the policy.

The conditions of the policy were such that appellant had the right to assess additional premiums for any operations engaged in by the employer which were necessary, incident or appurtenant to the business of the employer described in the Declarations, even though such operations are not described or rated in the Declarations. The employer, under the conditions of the policy, as well as the statutory provisions of the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., was bound to pay such additional premiums when lawfully assessed.

We think it is immaterial that no premium was paid by the employer, or that no rate or classification for employees such as the deceased was included in the policy or the Declarations. The sole material consideration was the question of whether the application of the insecticide by aircraft was an operation necessary, incident or appurtenant to the business of the employer

to whom the policy of workmen's compensation insurance had been sold. If it was such an operation, coverage was afforded by the policy to the deceased employee; if it was not, no coverage was afforded by the policy.

It is undisputed that the Bavousett Company was a business engaged in the sale of fertilizer and various agricultural chemicals. The name of the company, "Bavousett Fertilizer & Chemical Company", is sufficient to have placed appellant on notice of this fact. In addition, appellant's Exhibit B, while reflecting that the employer's operations are classified under Code No. 8102, "Seed Merchants", the same form contains the typewritten notation, "No Liability Because Of Anhydrous Ammonia Handled." The policy, appellant's Exhibits A and D, describes the employer's business operations as "Seed Merchants—including operation of seed sorting machinery." There is no evidence that the employer handled seed or operated seed sorting machinery, and we assume that Code No. 8102, "Seed Merchants", is simply a general category employed by the Board of Insurance Commissioners to describe certain operations, and does not mean that the employer's operations are limited solely to the sale of seed.

Appellant took the employer's application for insurance and unquestionably selected the general classification under which it deemed the business to be operated. Since appellant's own witness, Mrs. Bavousett, testified that they had a tractor operator in their employ who applied chemicals, sold by the company, to the land, we think it may be assumed that appellant knew, or should have known, at the time the policy was sold, that the Bavousett Company was engaged in both the sale and application of fertilizers and chemicals.

■ A variety of methods, machinery and tools are utilized by industry in meeting the needs of our farmers. It can hardly be said that the application of agricultural chemicals to the vast irrigated farmlands

of West Texas, by aircraft, is uncommon. On the contrary, it is a common and accepted method. Had the deceased been killed while applying the insecticide from a tractor, we believe he would have been covered by the terms of the policy. By the same token, in the absence of any exclusion from liability by reason of death or injury to an employee resulting from operations of aircraft in the business of the employer, we believe, under the circumstances of this case, that the deceased employee was covered by the terms of the policy.

■ An employee injured while performing an act which is fairly incident to the prosecution of the business, trade or occupation of the employer and appropriate in carrying it forward, is not barred from the benefits of the workmen's compensation laws of the State of Texas merely because the act or work performed is not wholly embraced by the precise code or classification used to describe the operations of the employer in which employment is claimed.

Appellant's points of error are each overruled, and the judgment of the trial court is affirmed.