Willie BROWN, Appellant,

v.

TRANSAMERICA INSURANCE COMPANY, Appellee.

No. 267.

Court of Civil Appeals of Texas.

Tyler.

June 15, 1967.

Richard W. Fairchild, Vernis Fulmer, Nacogdoches, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, William N. Hamilton, Dallas, for appellee.

MOORE, Justice.

This is a workmen's compensation case. Appellant, Willie Brown, alleged that on February 1, 1965, he sustained an injury to his neck, right shoulder, right arm, and upper back in the course of his employment for R. T. Swilling & Son, which resulted in immediate and total and permanent incapacity for labor, and prayed for judgment for compensation benefits at $35.00 per week for 401 weeks from the date of such injury, in a lump sum. Appellee, Trans-america Insurance Company, answered and alleged that the injury was a specific injury to the appellant's right shoulder, and that the injury and its effect, as well as any disability sustained, was limited to the right arm.

The cause was submitted to a jury. In response to the special issues, the jury found as follows: (1) that appellant suffered an accidental injury while in the course and scope of his employment with R. T. Swilling & Son which was the producing cause of his total incapacity which began on February 23, 1965 (Issues 1, 2, 3, 4 and 5); (2) that appellant's "total incapacity" will continue "from now on" (Issue 6); and (3) that appellant did not sustain any partial incapacity as a result of his injury (Issue 7). Contrary to the court's instructions, the jury answered Special Issues Nos. 8, 9 and 10 and found that partial incapacity began or will begin on February 23, 1965; that such partial incapacity will continue "indefinitely" and that the appellant's average weekly wage earning capacity during such period of partial incapacity was $50.00 per week. The jury also found that an average weekly wage which would be fair and just to appellant and appellee was $50.00 a week (Issue 13); (4) that appellant's disability was not caused solely by natural causes (Issue 16); and (5) that appellant's disability is limited to the use of his right arm and that he suffered a 60% permanent partial loss of the use of the right arm (Issues 17, 18, 19, 20 and 21).

Appellant filed a motion for judgment notwithstanding the verdict in which he requested the trial court to disregard Special Issue No. 17, finding that appellant's disability was limited to the use of the right arm on the ground that same was without support in the evidence and moved the court for judgment for the plaintiff for permanent total incapacity based on the answers of the jury to Special Issues Nos. 1 through 16. In the alternative, appellant moved for mistrial on the ground that the finding on Special Issue No. 17 was in material and irreconcilable conflict with the findings made

to Issues 4, 5 and 6. The trial court overruled these motions and entered judgment on the verdict for appellant, limiting recovery to compensation for 60% permanent partial loss of the use of the right arm. Appellant presented a motion for new trial which was overruled, after which he perfected this appeal.

Appellant has attacked the judgment by four points of error. In the first and third points of error, he contends that there is no evidence of probative force to support the jury's answer to Issue No. 17 finding that appellant's disability is limited to the use of his right arm, and that the court should have disregarded the finding and rendered judgment for appellant for permanent total disability as found by the jury in Issues 1 through 16. By his second point, he contends that the trial court erred in refusing to grant appellant's motion for new trial because the answer of the jury to Special Issue No. 17 that appellant's disability is limited to the use of his right arm, is in material and irreconcilable conflict with the answers of the jury to Issues 1, 4, 5 and 6, that appellant sustained an injury resulting in permanent total incapacity. In his fourth point, he contends that the jury's finding of the loss of use of the arm is contrary to the overwhelming weight and preponderance of the evidence.

Appellant testified that he was injured while helping to unload a truck loaded with pipe. He testified that while engaged in the work, a fellow employee on the truck slipped and turned loose of a piece of pipe and that as a result, he tried to catch it in order to keep it from striking the ground and breaking; that the pipe jerked him to the ground causing him to suffer pain in his neck and right shoulder.

Appellant offered medical testimony to the effect that he suffered a traumatic strain and irritation of the cervical spine at the level of C–5 and C–6 causing pain and muscle spasm in the neck and right shoulder as a result of which he was totally and permanently disabled to work. Appellee, on the other hand, offered medical testimony showing that the appellant suffered a pulled or strained muscle or tendon in the region of the right shoulder and a strained muscle over the shoulder joint. Dr. Milton Freiberg, an orthopedic surgeon, a witness called by the appellee, testified that he had examined appellant and that although appellant complained of pain in his right shoulder, right arm, neck, back and right leg, he found no evidence that appellant had sustained any injury. He testified that x-ray pictures showed some degenerative arthritis in the neck and right shoulder; that there was a limitation of about fifteen degrees in the internal rotation in the right shoulder as compared to the left shoulder; that such could have been caused by the degenerative changes or could have been caused from an injury; that the limitation was such as to cause about a 10% loss of the function of the right arm. Dr. Freiberg testified that by reason of the restriction of the internal rotation on the right as compared to the left, he felt it was impossible that the alleged accidental injury might have stirred up some pre-existing mild degenerative osteoarthritis at the acromeoclavicular joint, which is one of the joints controlling the function of the arm in the shoulder region so as to produce perhaps a 10% disability to the arm; that this disability to the arm was the only disability he could find. He testified repeatedly that in his opinion, appellant's disability was limited to the use of his right arm.

Appellant argues under the first and third points that since there was no evidence of an injury directly to the arm itself, the finding by the jury that appellant's disability was limited to the use of the right arm was a nullity. Consequently, he contends that the trial court should not have rendered judgment for loss of the use of the arm, but should have disregarded that finding and should have entered judgment for appellant upon the remaining issues for permanent total disability.

■ Under a recent ruling by the Supreme Court of this state, it was held that irrespective of whether the injury was to a specific member of the body as enumerated in Section 12, Art. 8306, Vernon's Ann.Tex. Civ.St., or was to other parts of the body, if the disability resulting therefrom was limited and confined to the use of an enumerated specific member, recovery of compensation was limited to that provided for a specific injury. Aetna Casualty And Surety Company v. Moore, Tex., 361 S.W.2d 183.

■ Consequently, where the evidence creates an issue as to whether claimant's disability is general or whether it is limited to the loss of use of a specific member, the question of whether claimant's disability is confined to the use of a specific member becomes a controlling issue of fact to be determined by the court or jury. Aetna Casualty And Surety Company v. Moore, supra.

■ As we view the medical testimony in the record before us, there is ample evidence to the effect that appellant's disability is limited and confined to a loss of use of the right arm. It thus became the jury's province to weigh all of the evidence and determine whether appellant's disability was limited to the loss of the use of the right arm. There being evidence of probative force that it was so confined, the appellant is bound by such finding. American Casualty & Life Insurance Co. v. Hastings (Tex.Civ.App.), 300 S.W.2d 754; Maryland Casualty Company v. Sullivan (Tex.Civ. App.), 326 S.W.2d 729. Appellant's first and third points of error are overruled.

By his second point of error, appellant contends that the findings of the jury are in irreconcilable conflict and because of such conflict, the verdict cannot form a basis for judgment. In this connection, he takes the position that the answers to Issues Nos. 1, 4, 5 and 6, finding that appellant had sustained total incapacity which would continue "from now on" are in irreconcilable conflict with the jury's answer to Issue No. 17 finding that appellant's disability is limited to the use of the right arm. Appellant therefore asserts that because of such irreconcilable conflict in the verdict, the trial court erred in refusing to grant his motion for a new trial.

■ As we view the findings of the jury, no irreconcilable conflict exists, especially so in view of the fact that appellant neither alleged nor contended that the alleged injury to his right arm extended to and affected other parts of his body. Russell v. United Employers Casualty Co. (Tex.Civ. App.), 158 S.W.2d 575.

■ In a somewhat related situation, the court in Federal Underwriters Exchange v. Simpson (Tex.Civ.App.), 137 S.W.2d 132, said:

"The rule was laid down in Petroleum [Casualty] Co. v. Seale, Tex.Com.App., 13 S.W.2d 364, 365, approved by the Supreme Court, that where injury results to a particular member of the body, compensation for loss of which is specifically provided by the statute, liability of the insurer is limited to that amount, even though the loss of, or injury to, that particular member actually results in total permanent incapacity of the employee to labor. This holding has been frequently followed and applied. See Texas Employers Ins. Ass'n v. Galloway, Tex.Civ. App., 40 S.W.2d 973; Texas Employers Ins. Ass'n v. Neatherlin, Tex.Com.App., 48 S.W.2d 967; Consolidated Underwriters v. Wilson, Tex.Civ.App., 111 S.W.2d 865; Traders & General Ins. Co. v. Marrable, Tex.Civ.App., 126 S.W.2d 746; 45 Tex.Jur., § 175, p. 607. This rule, however, does not preclude an employee from recovery under the more liberal provisions of the Workmen's Compensation Law, if he allege and prove that the injury to the particular member additionally extended to and affected other portions of his body, or impaired his general health to such an extent as to totally and permanently incapacitate him. See Seale

and Neatherlin cases, supra, 45 Tex.Jur., § 178, p. 612; and numerous cases there cited."

In Ferrell v. Texas Employers' Ins. Ass'n (Tex.Civ.App.), 194 S.W.2d 585, it was likewise contended that the verdict of the jury was in irreconcilable conflict because the jury there found total disability for fifteen weeks and five days and also found that for the same period of time, plaintiff suffered 50% loss of the use of the right leg below the knee. In holding that there was no irreconcilable conflict, the court said:

"We do not think appellant's points are well taken. In view of holdings in similar cases, it is obvious, we think, that the findings on issues in regard to appellant's incapacity to labor, as the result of the injury, are immaterial and not in conflict with findings on issues in regard to the percentage of loss of the use of his right leg below the knee, as the jury also found that the injury did not extend to or affect appellant's body in any other respect.

"In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W. 2d 463, 464, Judge Sharp, speaking for the Supreme Court, among other things used this language: 'Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer is limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor.' Language equally pertinent is found in Texas Employers Ins. Ass'n v. Thrash, Tex.Civ.App., 136 S.W.2d 905, 907, where the court, among other things, said: 'The findings as to partial permanent economic disability in no way conflict with the finding of specific injury. In other words, a specific injury may or may not result in economic incapacity. If the injury be specific the finding of economic incapacity is immaterial.' To

the same effect, see Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; also Russell v. United Employers Casualty Co., Tex.Civ.App., 158 S.W.2d 575. * * *" Also see Aetna Casualty And Surety Company v. Moore, supra.

Upon applying the foregoing principles, it becomes apparent that no material conflict exists in the jury's verdict. We think the trial court correctly entered judgment upon the verdict. Appellant's second point of error is therefore overruled.

■ We have carefully considered and weighed all of the evidence presented in the record before us and after having done so have reached the conclusion that the verdict and the judgment based thereon cannot be said to be against the overwhelming weight and preponderance of the evidence so as to be clearly wrong and unjust. Accordingly, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.