**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Lonnie L. OLIVER, Jr., Appellee.**

**No. 09 85 031 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 26, 1985.

Rehearing Denied Oct. 16, 1985.

Michael McGown, Beaumont, for appellant.

Richard Clarkson, Beaumont, for appellee.

OPINION

BURGESS, Justice.

Lonnie L. Oliver was injured as a result of an accident which occurred while working as a painter for Mr. B.W. Bewley. Mr. Bewley has a policy of workers' compensation insurance with Texas Employers' Insurance Association (T.E.I.A.). After an award by the Texas Industrial Accident Board, both Mr. Oliver and T.E.I.A. appealed to the district court. The two suits were consolidated for trial. After a jury verdict in favor of Mr. Oliver, T.E.I.A. appealed to this court. They bring forth several points of error, but we find point of error number one to be dispositive of this appeal. Point of error number one states:

"The trial court erred in allowing Oliver to introduce evidence concerning good cause for the late filing of his Worker's Compensation claim because Oliver failed to plead that he had good cause for his late filing."

The pertinent provision in Mr. Oliver's First Amended Original Petition stated: *Exhibit "A"*: Plaintiff states that all jurisdictional prerequisites for the maintaining of this suit have been met and complied with, including, but not limited to: Giving notice of injury to the employer within thirty days after the injury; in filing the claim with Industrial Accident Board within six months of the date of the injury.

T.E.I.A. then filed its First Amended Original Answer where it verified in Paragraph VII that:

"Defendant specially denies under oath that Plaintiff filed a workman's [sic] compensation claim with the Industrial Accident Board within six months from March 12, 1979, the date Plaintiff was allegedly injured and incapacitated, and Defendant further specially denies under oath, based on Defendant's information and belief, that good cause existed that would excuse Plaintiff's failure to file the claim within the required six month period."

Mr. Oliver did not further amend his petition.

At trial, T.E.I.A. objected to the introduction of testimony concerning good cause for the delay in filing the claim, they objected to the submission of issues and filed motions for judgment n.o.v. and new trial, all based on no pleadings of good cause for the delay in filing the claim. The original objection to the evidence should have been sustained.

The verified denial put the matter in issue and it then became Mr. Oliver's burden to plead and prove that he timely presented his claim and if there was a delay in filing, that good cause existed for it. *Lee v. Houston Fire and Casualty Co.,* 530 S.W.2d 294 (Tex.1975); *Robicheaux v. Aetna Casualty & Surety Co.,* 562 S.W.2d 568 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

Mr. Oliver relies on the fact that no exception was levied to his pleading. An exception would have only been required if the good cause had been pleaded and T.E.I.A. had wanted more particularity as to the good cause.

The court committed error in allowing the evidence before the jury without sufficient pleadings. Had the objection been sustained, Mr. Oliver would have been put on very effective notice that some remedial effort as to his pleading was required.

When error is found and this court is convinced that the "ends of justice" will be served by a remand for another trial we are authorized to remand rather than render. *Williams v. Safety Casualty Co.,* 129 Tex. 184, 102 S.W.2d 178 (1937); *Citizens Hotel Co. v. Foley,* 131 S.W.2d 402 (Tex. Civ.App.—Fort Worth 1939, writ dism'd judgmt cor.); *Ostrom v. Jackson,* 127 S.W.2d 987 (Tex.Civ.App.—Fort Worth 1939, no writ); *Traders & General Ins. Co. v. Marrable,* 126 S.W.2d 746 (Tex.Civ.App. —Fort Worth 1939, writ dism'd); *TEX.R. CIV.P. 434.* T.E.I.A.'s first point of error is sustained. The case is reversed and remanded for a new trial.

REVERSED AND REMANDED.